## CHARLES MULLINS v. TILLMAN WEAVER.

### SUPREME COURT, AUSTIN TERM, 1882.

*Authentication of deed—Wife's private acknowledgment.*—A certificate of ac knowledgment of a married woman to 'her deed, showing that the statute has been substantially complied with, is sufficient. The law-making power requires that she shall be examined privily and apart from her husband; that is, the officer, in the absence of the husband, shall so explain the deed that the wife shall understand its import and effect, and that she shall then declare to the officer that she freely and voluntarily signed the deed and did not wish to retract it. When the certificate shows that these things have been done, without regard to the particular language used by the officer, the object and pur. pose of the law has been attained.

Appeal from the District Court of Lampasas county.—Mullins brought this suit of trespass to try title against Weaver January 9, 1873, to recover the land described in the petition. The petition alleges that Weaver made the unlawful entry on January 1, 1873.

By an amended petition he alleged his possession of the land for more than three years under title and color of title, and for more than three years before September 3, 1858, and that he had had fifteen years peaceable possession before Weaver's entry, and during that time he had, in good faith, put lasting and valuable improvements upon the land.

Weaver answered by plea of "not guilty."

The cause was tried without a jury, and judgment rendered for Weaver, from which Mullins took this appeal and assigned several errors, only one of which is relied on by counsel, and that was the ruling of the court in excluding, as evidence, a deed under which he claimed, on account of defects in the certificate of the officer to the acknowledgment of a married woman.

The facts will sufficiently appear in the opinion to present the question.

Opinion by Watts, J.—Counsel for appellant insists upon but one question in this case, and that is, the district court erred in excluding the deed of Geo. W. Scott and his wife, Elizabeth Scott, to the appellant, Charles Mullins, dated October 1, 1856.

When this deed was offered in evidence, the appellee objected to its introduction on the ground that the acknowledgment of Mrs. Scott was not in due form for the conveyance of the wife's separate property. This objection was sustained by the court, and the deed excluded. The certificate of acknowledgment attached to the deed is as follows:

"State of Texas, County of Lampasas.—Before me, the undersigned, clerk in and for said county, personally appeared G. W. Scott, to me known, and whose name appears to the within deed, and he, the said G. W. Scott, did acknowledge to me that he signed, sealed and delivered the same for all the uses and purposes therein contained and expressed; and also appeared E. L. Scott, wife of the said G. W. Scott, and whose name appears to the within and attached deed of conveyance, bearing date October 1, A. D. 1856, who, after having the deed aforesaid fully explained to her, separate and apart from her husband, did acknowledge to me that she signed the same as her voluntary act and deed for all the uses and purposes therein contained and expressed, and she wished not to retract the same.

"In testimony whereof I hereunto set my hand and seal of office, in the town of Lampasas, October 1, A. D. 1856.

                    "W. B. COVINGTON, Clk. C. C. L. C."

The particular objection urged to this certificate of acknowledgment is the omission of the words "sealed and delivered" after the word "signed." Article 1003, Paschal's Digest, was the statute then in force, and used the term "willingly sign and seal the said writing," whereas in the form therein prescribed the following term is used: "Willingly signed, sealed and delivered the same." And it is also provided that any certificate showing that the requisites of the law had been complied with should be as valid as the form prescribed.

For two reasons it was not essential to use in that part of the certificate of acknowledgment the word "delivered." In the first place, it is shown in the certificate that the husband, G. W. Scott, had delivered the deed; in the second place, while the word is used in the form of the certificate as given, it is not required by law, nor is the use of that word in the certificate necessary to constitute it a valid acknowledgment.

In the case of Belcher v. Weaver, 46 Texas, 295, Chief Justice Roberts, commenting upon this statute, said: "The word 'freely,' may be omitted in the certificate, because it is omitted in the form. The word 'seal,' may be omitted, because, when this deed was made a seal was not necessary. The words 'and deed,' in connection with 'act,' may be omitted, because, though in the form, it is not in the same connection in the enacting clause. So the word 'delivered' is in one but not in the other."

It is admitted by counsel in their brief, that the use of the word "sealed," was not necessary to constitute it a valid acknowledgment. But it is claimed that the certificate must use the word "delivered;" this however, it has been seen, is not essential to a valid certificate of acknowledgment.

A certificate of acknowledgment of a married woman to her deed, showing that the statute has been substantially complied with is sufficient; the acknowledgment is required for her protection against the undue influence of the husband, and to do this, the law-making power requires that she shall be examined privily and apart from her husband, and that the deed shall be explained to her, that is the officer, in the absence of her husband, shall so explain the deed that the wife will understand its import and effect, and that she shall then declare to the officer that she freely and voluntarily signed the deed, and did not wish to retract it. When the certificate shows that these things have been done, without regard to the particular language used by the officer, the object and purpose of the law has been attained. This certificate shows that the deed was fully explained to her by the officer separate and apart from the husband, and that she acknowledged that she had signed the same as her voluntary act and deed, and did not wish to retract it. Now, notwithstanding the acknowledgment was taken before the passage of the act dispensing with the use of seals, and the word "sealed," although used in statute and form, was omitted from the certificate, nevertheless she declared that she had signed the deed, and the scrawl appears appended to her name, and is acknowledged in the body of the deed as a seal; it could not be held, that the omission of the word from the certificate would vitiate it, because it does show that all the substantial elements of the statute made for her protection have been fully complied with.

We conclude that the court below errred in excluding from evidence the deed, and that on account of that error, the judgment should be reversed and cause remanded.

Opinion of Commission of Appeals examined, report adopted, judgment reversed, and cause remanded.