DAVID LANGTON ET AL. v. SUSAN MARSHALL ET AL.

(Case No. 4180.)

1. ACKNOWLEDGMENT.—The certificate of acknowledgment of a deed, purporting to convey the homestead, which recites that the wife, "being examined by me privily and apart from her husband (David Langton aforesaid), declared that *she fully understood the contents of said deed*, and that she signed it freely, and without fear of her husband, and did not wish to retract it," is not sufficient, and the deed thus authenticated conveys no title to the homestead. Such a certificate does not meet the requirements of the statute that the deed shall be fully explained to the wife by the officer taking the acknowledgment.

APPEAL from Ellis.  Tried below before the Hon. George N. Aldredge.

Suit in trespass to try title by appellees to recover the land described in the petition.

Appellants answered by plea of not guilty, and specially that on the 13th day of November, 1877, they were then, and had been for a long time prior thereto, occupying the land as their homestead, and that appellee, Jas. B. Mulhall, through fraud and deceit, induced them on that day to execute a deed to his wife, Susan Mulhall, for the same, and that the deed was executed without any consideration.  Prayer that the deed be canceled and appellants quieted in their possession to the homestead.

The case was tried without a jury.  Judgment in favor of appellees.  Several errors were assigned; among others, that the court erred in admitting the deed as evidence over appellants' objection, and also that the judgment was not sustained by the evidence.

*R. C. Beale*, for appellants.

*J. L. Cheek*, for appellees, cited Belcher *v.* Weaver, 46 Tex., 294.

WATTS, J. COM. APP.— There was no objection taken in the court below to the manner in which the petition was indorsed.  Appellants for the first time seek to raise that question in this court, and claim that it was error to permit the petition to be read in the court below, for it was not indorsed "original petition," as required by the rules.  To entitle appellants to a hearing here upon that question, it was incumbent upon them to raise it in the court below, by motion or otherwise, and to have it there passed upon, and having failed to do so, they will be held as having waived the informality.  A reasonably strict enforcement of the rules by the trial courts is certainly desirable, for by such course the cases are presented to them, as well as to the appellate court, clearly and systematically, without surplusage, and in such manner as to secure a dispatch of business, and justice to the litigants.  However, to authorize this court to revise questions growing out of a disregard of the rules in the court below, such questions should be there made, and the ruling of that court in this respect should be presented for revision, in the same manner as other questions are made and presented.

Appellants claim that the court erred in admitting as evidence, over their objections, the deed from them to Mrs. Susan Mulhall. The objections urged against its admission, adopting the language of

the bill of exceptions, are as follows: " that said deed purporting to convey the homestead of the defendants to Susan Mulhall contained no sufficient privy and separate acknowledgment of the wife, Mary A. Langton, in this: that nowhere in said acknowledgment was contained the fact that said deed was fully explained to Mary A. Langton by the officer taking the same, and nowhere did it appear that the said Mary A. Langton declared she signed said deed willingly."

. The certificate of acknowledgment, so far as it is material to the questions presented, is in the following language: " And being examined by me privily and apart from her husband (David Langton, aforesaid), declared that she fully understood the contents of said deed, and that she signed it freely and without fear of her husband, and did not wish to retract it."

It will be readily seen that the certificate is not in the language prescribed in the form of such certificates given by the statute. It is provided, however, that any certificate showing that the requisites of the law had been complied with should be as valid as the form there prescribed.

As was said in Mullins v. Weaver, 57 Tex., 7, "the acknowledgment is required for her protection against the undue influence of the husband; and to do this the law-making power requires that she shall be examined privily and apart from her husband, and that the deed shall be explained to her; that is, the officer, in the absence of the husband, shall so explain the deed that the wife will understand its import and effect, and that she shall there declare to the officer that she freely and voluntarily signed the deed, and did not wish to retract it. When the certificate shows that these things have been done, without regard to the particular language used by the officer, the object and purpose of the law has been attained."

. In Coombes v. Thomas, 57 Tex., 322, it is said: " The examination, therefore, contemplated by article 1003, Pasch. Dig., is to be made not only apart from the husband, but under circumstances of such privacy as will comport with the purpose sought to be obtained in securing to the wife ample opportunity for unrestricted consultation with, and advice from, the officer of the law, whose duty it is to instruct her; and to secure her, at the same time, against the influences of all persons, and especially her husband, in determining whether she will give effect or not to the instrument of writing before her."

The language of the statute in this respect is very indicative: "If the wife appear before any judge of the supreme or district court, or notary public, and, being privily examined by such officer apart

from her husband, shall declare that she did freely and willingly sign and seal the said writing, *to be then shown and explained to her*," etc.; and in the form prescribed, the language used is also significant: "*and having the same fully explained to her*," etc.

This mode of conveyance by a married woman, that is, by privy acknowledgment, was suggested by, arose out of, and superseded the proceeding at common law known as "a fine of lands and tenements," and then constituted the usual and the only safe method whereby a married woman could join in the sale, settlement or incumbrance of any estate. And the rule in that proceeding was well settled; if there was a married woman among the cognizors, she was privately examined, either by the court, one of the judges, or commissioners appointed for that purpose, so as to ascertain whether she did the act freely and willingly, or by compulsion of her husband. This examination was so made as to remove the general suspicion that the wife's act was wrongfully induced by the influence of the husband over her.

Then, looking back to the exceeding care and caution taken at common law, in protecting married women in their rights to property from the undue influence of the husband, the spirit that dictated our statute in this respect is the more readily detected and appreciated. By the statute the duty is imposed upon the officer to fully explain to the married woman the instrument which she is thus called upon to acknowledge. This contemplates that the officer will act in the matter as her advisor, and so explain to her the instrument that she may comprehend its true import and meaning. It will not do to hold that, because she may state to him that she understands the purport of the writing, that he may dispense with the explanation contemplated by the statute, as it might be that her information about the instrument was derived from the husband, and that she might be wholly relying upon whatever construction he might impose upon her, and in this way the very object of the privy examination would be defeated. For, while she might well declare to the officer that she acted freely and willingly in the matter and was not induced to do so by compulsion, still the fact remains that she was induced to do so on account of the statements made to her by the husband as to the purport of the instrument and the effect it was to have upon her rights.

In our opinion the certificate of acknowledgment, in that particular, is fatally defective. And in Berry *v.* Donley, 26 Tex., 745, Justice Moore said: "Although the statute does not in express terms say that a married woman may not convey her property in any

other manner than it prescribes, yet as by the common law she could convey title to her real estate by fine and common recovery, and by it her deed is absolutely void, we think it cannot be questioned that it must be held so here unless the law prescribing the manner in which her deed may be executed has been substantially followed. In Perry v. Calhoun's Lessee, 8 Humph., 556, Judge Turley, delivering the opinion of the court, says a *feme covert* cannot convey title to her lands except by a deed executed upon her private examination made as the law directs; her signature to a deed without such acknowledgment is a nullity."

The evidence shows that the property in controversy was at the time the purported deed was executed, and the trial had, the homestead of the appellants. And considering the deed as a nullity so far as it affects the rights of Mrs. Langton to the homestead, then clearly the judgment is without evidence to support it, and therefore ought to be reversed, and such judgment here rendered as ought to have been rendered by the court below. That is, the appellees take nothing by their suit, and that appellants go hence without day, etc.

In conclusion, we feel constrained to remark that if the officers who are authorized to take the separate acknowledgments of married women to their deeds, etc., would literally follow in their certificates the form prescribed by law, instead of substituting expressions which they may deem equivalent to those prescribed, much of the confusion and doubt which not unfrequently exists, respecting titles to land, would be obviated.

REVERSED AND RENDERED.

[Opinion adopted April 24, 1883.]