## WM. LITTLE v. B. B. WEATHERFORD.

(Case No. 1851.)

1. CERTIFICATE OF ACKNOWLEDGMENT.— The certificate of the officer to a deed executed by agents, to the effect that the agents, naming them, were personally known to him, and that each of them had acknowledged the execution of the deed as ,agent, and being otherwise sufficient, is a sufficient compliance with the statute requiring him to certify that they were the individuals who signed the instrument.

2. CONVEYANCE — DEED — ATTORNEY.— A conveyance of land made by an attorney, as such, who has a power coupled with an interest, "either in the land itself or the proceeds of a sale thereof," conveys the entire estate. The attorney will be presumed to have elected to take his interest in the proceeds of sale.

3. LAND CERTIFICATE — LAPSE OF TIME.— An agent was placed in possession of a genuine conditional land certificate, in 1839 or 1840, to locate the same, by one not shown to have been the true owner, which, after obtaining possession of the unconditional certificate, he located. About twenty years after receiving the certificate, the party who thus received it, hearing of the death of him who delivered it to him, asserted claim to the land covered by the certificate and patent which had been issued to the heirs of the

grantee. Suit was brought by the true owner to recover the land in 1830. *Held*, that the party who thus received the certificate to locate could not resist the claim of the true owner, under a claim for services. Lapse of time cannot avail him as a defense. In this case there was no such adverse possession shown as would bar the right of the true owner.

APPEAL from Hood. Tried below before the Hon. T. L. Nugent.

On August 30, 1881, Weatherford brought this suit against Little to recover the land described in the petition, to remove cloud from and to quiet his title thereto; claiming that the land was patented to the Gazley heirs; that they conveyed the same to Tingley by and through their agents, Lockart and Rucker, and that Tingley conveyed to him.

Appellant answered by general denial, not guilty, and several special pleas, asserting limitation both as to the conditional and unconditional certificate, and limitation as to the land.

Upon the trial the court adjudged a five-sixth undivided interest to Weatherford, and a one-sixth undivided interest to Little, from which he (Little) appealed.

Little, as a witness for himself, testified in substance: That in 1839 or 1840, in the city of New Orleans, La., Ellis handed to him the conditional certificate, saying: "Here is a land certificate I purchased in Houston, Texas, and paid for it in goods; take it and locate it."

He took and held the certificate for Ellis until he obtained through his agent the unconditional certificate, by virtue of which the land was located and patented. There was no agreement between Ellis and himself as to what he was to have for making the location. Ellis at the time owed him $200 for borrowed money which he never paid. Ellis went to Boston, Mass., and after about twenty years he lost sight of him. Finally hearing of his death, witness asserted a claim to the land.

It appeared that McKenzie occupied the land from 1861 to 1875; says he did not claim the land; he bought improvements from Truit and sold them to Haynes. Never claimed the land for himself or any one else. Haynes held it about six months, asserting no claim to it. He then rented from Haynes and occupied it about twelve months, and Haynes then sold the place and improvements to Messenger. The first possession of Little which could be considered adverse was about 1879. This suit was brought August 30, 1880. Little claimed that McKenzie held for him. This was denied by McKenzie.

*Thos. T. Ewell* and *McCall & McCall,* for appellant, cited: Cochrane *v.* Farris, 18 Tex., 851; Portis *v.* Hill, 14 Tex., 72; Word *v.* Drouthett, 44 Tex., 366, 371, 375; Smith *v.* Garza, 15 Tex., 155; Winburn *v.* Cochran, 9 Tex., 123; Lindsay *v.* Jaffray, 55 Tex., 627; specially Hunt *v.* Turner, 9 Tex., 386; McDow *v.* Rabb, 56 Tex., 155; Rowe *v.* Heath, 23 Tex., 614; Hancock *v.* Butler, 21 Tex., 804; R. S., arts. 4308, 4309, 4311, 4312.

On the certificate of the officer to the deed, they cited: Peterson *v.* Kilgore, 58 Tex., 90, 91; Cox *v.* Bray, 28 Tex., 247; Word *v.* Drouthett, 44 Tex., 370, 372, 373; Smith's Lead. Cases, vol. 2, side pages 458, 471–473; Hunt *v.* Turner, 9 Tex., 386; Lindsay *v.* Jaffray, 55 Tex., 627.

*Cooper & Estes,* for appellee.

WATTS, J. COM. APP.— There is nothing in the objection to the admission of the deed from Mary Coldwell, George W. and John F. Gazley, on the ground that the certificate of acknowledgment was not in compliance with the statute. The officer certifies that Lockart and Rucker, the agents, were personally known to him, and that each of them acknowledged the execution of the deed as agent, etc. The point of the objection is that the officer did not certify that they were the individuals who signed the instrument. This exact question has been passed upon, and the certificate held to be in substantial compliance with the statute. Schramm *v.* Gentry, decided at the present term [*ante,* 583].

Appellant claims that by the power of attorney to Lockart and Rucker an interest was vested in them to the land which did not pass by the deed to Tingley. Whatever might be the effect of the instrument as between the parties to it, there can be no doubt but that all the interest of these parties passed to Tingley by the deed. The power of attorney provided that Lockart and Rucker should have an undivided half interest in the land, or else one-half of the net proceeds. As they conveyed the entire tract to Tingley by virtue of the power of attorney, they will be held to have elected to take half the proceeds.

There is no sufficient evidence of an adverse holding of the certificate prior to its location to preclude a recovery of the land by the Gazley heirs or their vendees. It appears that Ellis had the conditional certificate in the state of Louisiana, where he claimed that he had purchased it in the city of Houston, but it does not appear from whom he claimed to have made the purchase. He de-

livered the certificate to appellant, as the latter claims, for location. And he says that he never asserted any claim to the land certificate or the land, except as to the locative interest, until after Ellis' death. It is not shown when the unconditional certificate was returned to this jurisdiction, but it does appear that the unconditional certificate was located upon and merged in the land very soon after it was issued in the name of the Gazley heirs.

There is no pretense that there has been such an adverse possession of the land by appellant and those through whom he claims as would bar the right of the Gazley heirs.

In disposing of this appeal it is sufficient to remark that the judgment is sustained by the evidence, and, after a careful examination of the record, that we find no such error as would authorize a reversal of the judgment, and therefore report in favor of its affirmance.

AFFIRMED.

[Opinion adopted February 27, 1885.]