## MARY A. SALMON ET AL. v. R. E. HUFF ET AL.

### No. 6760.

1. **Destruction of Record of Deeds — Reregistration.** — Deeds were recorded in Montague County for land in Clay County in 1872. The court house of Montague County with its records was destroyed by fire February 25, 1873. The deeds were again recorded in the proper county September, 1886. An intervening *bona fide* purchaser acquired the land. *Held*, that such purchaser was not affected with notice by the second registration, it not having been made within four years after the destruction of the first record, and not until the purchase was made without notice. Rev. Stats., art. 4292.

#### ON REHEARING.

2. **Proof for Registration — Certificate of Officer.** — The fact that the person making the acknowledgment was known to the officer taking it is one which must be evidenced by his certificate, and without this the authentication is not such as to entitle an instrument to record. The certificate need not be in the exact form prescribed by the statute (art. 4312, Rev. Stats.), but must contain its substance. See certificate defective.

APPEAL from Wichita. Tried below before Hon. P. M. Stine.

The opinion gives a statement.

*W. H. Flood*, for appellants.—1. In contemplation of law a deed duly acknowledged or proved takes effect and is considered as recorded from the time it is filed with the proper officer for registration, and from that time is notice to all subsequent purchasers. Acts 1870, p. 53, attaches Wichita County to Montague; Rev. Stats., arts. 4299–4334; Throckmorton v. Price, 28 Texas, 606; Belbaze v. Ratto, 69 Texas, 636; Cattle Co. v. Chisholm, 71 Texas, 623.

2. When a deed has been properly registered any subsequent destruction thereof without fault of party claiming thereunder will not prejudice the rights of such party. Rev. Stats., art. 4333; Fitch v. Boyer, 51 Texas, 336; Wade on Notice, sec. 157; 1 Dev. on Deeds, sec. 690.

3. A deed though admitted to record can not be admitted in evidence as a recorded instrument unless it be authenticated for record in

substantial compliance with the requirements of the statute. Rev. Stats., arts. 4309–4312, 4334; Huff v. Webb, 64 Texas, 284; Tully v. Davies, 30 Ill., 103; Rogers v. Adams, 67 Ala., 600.

*Hunter, Stewart & Dunklin*, for appellees.—The record of appellants' deed having been destroyed by fire when the Montague County court house was burned on the 25th day of February, 1873, and the original instruments having been preserved, it was incumbent on appellants after the passage of the act of March 13, 1879, Revised Statutes, article 4392, to refile and record said original deed within four years from the taking effect of said act, which was July 24, 1879, in order to make the original filing and recording in 1872 of any avail as against the defendant; and a failure to have said deeds so filed and recorded a second time within the time prescribed by said act was fatal to their validity as against appellees, who were ignorant of their existence. The People v. Common Council of Brooklyn, 22 Barb., 404; 2 Pet., 46; 4 Wall., 435; 3 Neb., 224; 18 Ind., 27; 61 Me., 556; 48 Mo., 167; 12 How. Prac., 224.

HOBBY, Presiding Judge.—Although there are several assignments of error contained in the brief of the appellants, it seems to be conceded in effect that the decisive question in the case is raised by the assignment which contends in substance that the filing and registration of appellants' deeds was constructive notice to appellees. If this contention be correct the judgment of the lower court was erroneous and a decree should be rendered in favor of appellants. If not, however, it is manifest that there can be no recovery by them in this case.

The action is one for the recovery of four hundred and twenty-five acres of land described in the petition. It was brought by the appellants, Mrs. Mary Salmon, joined by her husband, against the appellees Thomson and Huff. There was a trial, verdict of a jury for appellees —defendants below—and judgment therein, from which this appeal is prosecuted.

The land is situated in Wichita County. Both parties claim under a common source, to-wit, James Henderson.

Plaintiffs below (appellants') title is as follows: Deed from James Henderson to Philip Howard, in December, 1860. Deed of gift from Philip Howard to the plaintiff Mrs. Mary Salmon. These conveyances were filed for record with the district clerk of Montague County in 1872, by whom they were recorded in Book A, Clay County records, on January 17 and April 12 respectively, 1872. The court house of Montague County, with its records, was destroyed by fire February 25, 1873.

The above mentioned deeds, however, were preserved, and it appears from indorsements thereon were recorded in Wichita County on September 4 and 6 respectively, 1886.

The title of the defendants below, appellees here, was as follows: Devise of the land by will of James Henderson, probated in 1874, to Emily and B. F. Bishop. They conveyed to H. N. Jetton in 1876. Jetton conveyed to appellee Thomson in December, 1885, who subsequently conveyed an undivided half to appellee Huff. Thomson was a purchaser for value and without notice of plaintiffs' title or claim.

The court charged the jury in substance that the record of plaintiffs' deeds in Montague County in the Clay County records would constitute no notice to defendants, if defendants paid a valuable consideration for the land, paid a part of the purchase money, and executed their note for the balance, etc., and that at the time of such payment and execution of their note they had no knowledge of plaintiffs' claim and no knowledge of any facts that would put a prudent man on inquiry.

This the appellants' counsel insists was error, and it is claimed that the deeds having been properly acknowledged and filed for record in Montague County, it constituted notice irrespective of the manner of their registration.

Conceding that the registration of appellants' conveyances was valid as claimed, they would not be entitled to recover under the facts in this case. The destruction of the court house and records of Montague County and the preservation of appellants' deeds made it necessary under the law (article 4392, Revised Statutes) that they should, within four years, record their original deeds in the proper county if they desired to give effect and force to them as recorded instruments from the date of the filing for registration in Montague County. The appellants' deeds were not recorded in Wichita County within four years from the enactment of the law referred to. In the meantime the land had been conveyed to an innocent purchaser for value. Thus it will be seen that it is wholly unnecessary to determine whether the registration of these conveyances in Montague County, in Book A, Clay County Records, was valid and operated as constructive notice to appellees. Because the contingency existed subsequent to the destruction of the records and the preservation of the originals, which under the above mentioned article necessitated their reregistration, if the original record was valid and appellants desired to make it available.

We think the judgment should be affirmed.

*Affirmed.*

Adopted January 20, 1891.

*W. M. Flood* argued a motion for rehearing.

### ON REHEARING.

STAYTON, CHIEF JUSTICE.—A re-examination of this case shows that there was an assignment of error not considered in the former disposition of the case, which was necessary to its proper decision.

It was necessary for defendants to show title from the common source, and in attempting to do so they were permitted to offer in evidence as a recorded instrument a deed from R. A. Jetton and wife to Thomas C. Thomson, which was objected to on the ground that it had not been properly authenticated for record.

The certificate of the officer to that deed was as follows:

"*State of Texas, County of Lavaca.*—Before me, J. N. Haynes, J. P. and *ex officio* notary public in and for said county and State, on this day personally appeared R. A. Jetton, the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and considerations therein expressed.

"Given under my hand and seal of office this 19th day of December, 1885.                                          "J. N. HAYNES,

[L. S.]                                          "J. P. and Ex Officio N. P. L. C."

The statute declares that "no acknowledgment of any instrument of writing shall be taken unless the officer taking it knows or has satisfactory evidence on the oath or affirmation of a credible witness, which shall be noted in his certificate, that the person making such acknowledgment is the individual who executed and is described in the instrument." Rev. Stats., art. 4309.

The form given for certificates of acknowledgment shows that it was intended that the officer, when acting on his own knowledge of the identity of the person making the acknowledgment, should state the fact of his knowledge. Rev. Stats., art. 4312.

The fact that the person making the acknowledgment was known to the officer is one which must be evidenced by his certificate, and without this the authentication is not such as to entitle an instrument to record.

The certificate need not be in the exact form prescribed by the statute, but must contain its substance. Watkins v. Hall, 57 Texas, 3; Mullins v. Weaver, 57 Texas, 7; Schramm v. Gentry, 63 Texas, 584; Little v. Weatherford, 63 Texas, 638.

The certificate in question does not show that the person making the acknowledgment was known to the officer, and was for this reason insufficient to authorize the record of the deed to which it was attached.

While adhering to the correctness of all the rulings made on questions considered in the former opinion, for the admission of the deed referred to as a duly registered instrument the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 3, 1891.