## T. J. COLLINS v. E. A. DAVIDSON.

### No. 266.

1. **Assignment of Error.**—An assignment of error that ''the court erred in sustaining plaintiff's special exceptions to defendant's first amended answer,'' held sufficient to point out the error complained of.

2. **Purchase of Public School Land—Pleading.**—A purchaser of public school land from the Land Board in 1884, who had entered into actual possession, and had subsequently leased it, sued his tenant in trespass to try title. The tenant, July 11, 1888, applied to the Commissioner of the Land Office as an actual settler to purchase. The tenant's answer attacking the plaintiff's purchase as fraudulent, without alleging in what the fraud consisted, nor that the rights of the plaintiff secured by his purchase had been forfeited by him, was insufficient, and demurrer to it properly sustained.

3. **Landlord and Tenant—Trespass to Try Title.**—In action of trespass to try title by a landlord against his tenant, the lease contract is competent evidence, and to prevent recovery by the landlord upon such evidence it devolves upon the defendant tenant to prove a superior title with which he is connected.

4. **Competent Evidence.**—It was competent for the landlord plaintiff to introduce in evidence the facts relied upon by him to prove a valid purchase; and if insufficient to prove title, still the testimony was competent to show good faith on his part. See opinion.

5. **Common Source of Title.**—Selman v. Hardin, 58 Texas, 86, adhered to. Where evidence showed that both parties claimed under a common source, the facts that plaintiff had filed an abstract of title back to the State and failed to prove it, did not alter the rule as to common source.

6. **Validating Act—Land Board.**—See facts showing a purchase of public school lands which was validated by chapter 93, Acts Twenty-second Legislature, validating the acts of the Land Board.

Appeal from Tom Green. Tried below before Hon. J. W. Timmins.

*Scott & Jenkins,* for appellant. — 1. Affirmative relief may be granted upon an equitable title. Miller v. Alexander, 8 Texas, 42; Hamilton v. Avery, 20 Texas, 633; Peevy v. Hurt, 32 Texas, 154; Egery v. Power, 5 Texas. 505; Ewell v. Anderson, 49 Texas, 704.

2. The plaintiff's prior right to purchase constituted an equitable title. Act April, 1887, General Laws, p. 85; Ward v. Worsham, 78 Texas, 180; Perigo v. White, 77 Texas, 196; Baker v. Dunning, 77 Texas, 28.

3. The doctrine that a tenant is estopped to deny the title of his landlord does not apply in an action of trespass to try title. McKie v. Anderson, 14 S. W. Rep., ——; Lyles v. Murphy, 38 Texas, 78; Sedg. & Wait on Trial of Title to Land, secs. 315, 316.

4. The doctrine of estoppel does not apply where the land is public domain. Howard v. McKenzie, 54 Texas, 188; Rodgers v. Dailey, 46 Texas, 583; Wheeler v. Styles, 28 Texas, 241; Green v. Chandler, 25 Texas, 160; Spier v. Lamon, 27 Texas, 215; Andrews v. Richardson, 21 Texas, 297; Jennings v. De Cordova, 20 Texas, 515; Cravens v. Booth, 17 Texas, 274; Camley v. Stanfield, 10 Texas, 551; Sedg. & Wait on Trial of Title to Land, sec. 358.

5. The land should have been upon the market in Tom Green County. Martin v. McCarty, 74 Texas, 128; State v. Opperman, 74 Texas, 136.

*Joseph Spence,* for appellee.—1. The facts plead by appellant in his answer did not show such title in him that would entitle him to equitable relief. The facts plead did not show title in appellant, nor any fraud in appellee, or any want of good faith upon his part in purchasing the lands or complying with the rules of the Land Board. The answer was met by a special demurrer. Bains v. Mensing, 75 Texas, 200; Nobles v. Cattle Co., 69 Texas, 435; Coleman v. Lord, 10 S. W. Rep., 92; Taylor v. Burke, 66 Texas, 645; Sayles' Civ. Stats., arts. 4041–4046, 4080b.

2. No injury resulted to appellant by reason of the court sustaining demurrers, because the uncontroverted facts and the evidence of appellant show that he was in possession in 1887 of the land as tenant of appellee. He was not a possessor in good faith that entitled him to a preference right to purchase under the Act of 1887. His possession was for appellee, and is regarded in law as the possession of appellee, and appellee was entitled to the preferences conferred by the Act of 1887. Johnson v. Townsend, 14 S. W. Rep., 233; Fowler v. Simpson, 15 S. W. Rep., 682; Tyler v. Davis, 61 Texas, 674; Juneman v. Franklin, 67 Texas, 411; 71 Texas, 87; Rector v. Gibbon, 111 U. S., 276; Taylor v. Burke, 66 Texas, 646.

3. The lease contract and contract to purchase were admissible, and appellant is estopped to deny appellee's title. Appellee can recover by

virtue of the estoppel and also by reason of his superior title. Proof of facts constituting title in appellee is not a waiver of his right to prove and rely upon the estoppel created by the contracts of lease and purchase. The estoppel can be asserted in this case. Casey v. Hanrick, 69 Texas, 47; Tyler v. Davis, 61 Texas, 675; McIntire v. De Long, 71 Texas, 87; Juneman v. Franklin, 67 Texas, 411; Fowler v. Simpson, 15 S. W. Rep., 682; Johnson v. Townsend, 14 S. W. Rep., 234; Rector v. Gibbon, 111 U. S., 276; Scott v. Rutherford, 92 U. S., 107; Burnett v. Caldwell, 9 Wall., 290; Wood on Landl. and Ten., secs. 571–573, 236; 12 Am. and Eng. Encycl. of Law, 701; Sedg. & Wait on Trial of Title to Land, secs. 351, 352, 354.

STOREY, L. J., SR., SPECIAL JUDGE. — This is an action in form of trespass to try title to surveys numbers 26 and 28, of 320 acres each, in Tom Green County, made for the common free school fund of Texas, brought by appellee against appellant, Collins, and one M. C. Merrit. The latter made default. Collins plead general denial, not guilty, and specially, that appellee, Davidson, was claiming the land by virtue of a pretended purchase from the State in April, 1885, as an actual settler; that said sale was fraudulent and void, and that he, Collins, was an actual settler in good faith on said land on the 1st day of April, A. D. 1887, and had so remained to date; that by reason of the pretended purchase by appellee, said land had never been classified and appraised as provided by the act of the Legislature of A. D. 1887, and that by reason of this pretended purchase by appellee, Davidson, he, Collins, though willing and anxious to do so, was prevented from purchasing the land; that said pretended purchase by Davidson was a cloud upon his equitable title, to-wit, his prior right to purchase, and he prays that said cloud upon his title be removed.

Appellee, Davidson, excepted to said special answer: first, because the same showed no claim or interest in the land sued for; second, that the facts alleged do not constitute a fraud that can affect any right of the defendants; third, the facts constituting fraud are not alleged; fourth, said matters are res adjudicata in this suit; fifth, the facts alleged do not show that plaintiff had not complied with the rules of the Land Board, nor that he is not a purchaser in good faith.

All these exceptions, except the fourth, were sustained by the court, to which ruling of the court appellant excepted.

The appellee, Davidson, also denied the allegations in Collins' answer, and alleged that Collins was estopped from denying his, Davidson's, title, for the reason that he, Collins, went into possession of the land sued for under a written lease and contract of purchase from him, Davidson.

The court instructed the jury to return a verdict for plaintiff, David-

son, and the verdict and judgment were so rendered for Davidson. A motion for new trial was overruled, and Collins appealed.

The facts are, substantially, these: On the 2nd day of December, A. D. 1884, appellee made his application for the purchase of the land sued for, in writing, duly sworn to, and addressed to the secretary of the State Land Board at Austin, offering $2 per acre for the land, it being public free school land situated in Tom Green County, Texas. His application seems to be in the form prescribed by the Land Board, except that it fails to give the number of blocks to which these two surveys numbers 26 and 28 belong. H. B. Tarver was at the time surveyor of Tom Green County, and was such from 1880 to 1890, and as such he classified and appraised the land under the law of 1881. The classification and appraisement was approved by the Commissioners Court and then filed in the surveyor's office of Tom Green County. In 1884 the State Land Board placed these lands on the market under the Act of 1883, and this surveyor acted as agent of the State Land Board in selling these lands. The application was registered in the surveyor's office and then sent to the State Land Board at Austin. He surveyed the land for Davidson soon after he made his application.

The land was by the State Land Board awarded to the appellee, Davidson, at his bid of $2 per acre, and it was admitted that he paid to the State Treasurer all the annual installments up to and including the year 1890, the year of the trial of this case in the court below. It was also admitted that the State Treasurer has his obligation or note for the deferred payments, as required by law.

Appellee was not, at the time of his purchase, a married man, and did not marry until 1888; but he bought the land for a home for his family, then consisting of himself, his mother, a sister, and a younger brother, dependent upon him, then living in Iowa, but who were coming to Texas as soon as he could get the home on this land fixed up for them; he was to send them money to pay their expenses to Texas.

Davidson was an actual settler upon the land for at least two months from the 1st of May, and was at work improving the land prior thereto;. he built some pens and a house, took in the Eison brothers as tenants, and lived with them for two months, and made that his home until the winter of that year. He was a music teacher, and occasionally went off to teach music. He leased the land to Eison brothers for three years, and agreed after that to sell to them a part of the land, and then went on business to Iowa, and was gone eleven months. On his return Eison brothers had sublet the place to appellant, Collins, and Merritt. These parties then, on the 15th day of July, entered into a written contract with the appellee, Davidson, by which they agreed to purchase 100 acres, a part of survey 26, payment to be made " after Davidson paid the full amount due the *State school fund* and *procured a patent*," and they leased

the balance of the surveys until May, 1888, except 80 acres, which they held as tenants of Davidson at will. They paid on this lease for two years, and then refused to pay any more rent, or to surrender possession to Davidson; hence this suit.

Certified copies from the General Land Office of appellee's application to purchase the land, and of the rules adopted by the Land Board for sale of these lands, and the award made to appellee, as well as the written contract of lease and purchase, were all admitted in evidence. Appellee, Davidson, testified as to continuous residence upon the land for two months and his temporary absence from the State, and as to the family dependent upon him. The surveyor and several other witnesses corroborated his statement as to residence upon and improvement of the land, and no one testified to the contrary. Several witnesses for appellant testified that they were at the place once or twice and did not see appellee there.

The defendant, Collins, testified by deposition, admitting that he and Merritt made the lease contract with appellee. Aside from the written contract of lease, appellee had testified that he made a contract with defendants Collins and Merritt, whereby they were to retain possession of the land for him. That he lived on the land continuously for two months with the Eison brothers and their families, and made that his home from May, 1885, until the winter of 1885–86, but was not there all the time.

The contract between appellee and the appellant, Collins, and Merritt, was admitted in evidence, over appellant's objections.

Appellant assigns errors as follows: "1. The court erred in sustaining plaintiff's special exceptions to defendant Collins' first amended original answer."

Appellee's counsel contends that this assignment and the proposition thereunder are too general and should not be considered by us. But we think the assignment sufficient to point out the error complained of.

The other assignments are as follows, viz:

The third assignment is: " The court erred in permitting plaintiff to introduce a contract of lease and purchase of the land in controversy, dated July 15, 1887, between plaintiff and defendant, the same being offered for the purpose of estopping said defendant; to which defendant objected, on the ground that this being a suit in trespass to try title, and plaintiff having shown that he claimed the land by virtue of a purchase from the Land Board, said contracts were immaterial as evidence, as shown by bill of exception number 1."

Sixth assignment: " The court erred in refusing to give special charge number 1 asked by defendant Collins, as follows: ' If you find from the evidence that plaintiff made his application to purchase the land in controversy as agricultural lands, and that the same was not sold in Tom Green County, then you will find for defendant Collins, unless you fur-

ther find that the plaintiff has complied with the rules and regulations of the Land Board under which said sale was made.' "

Seventh assignment is the refusal to give special charge number 2 asked by defendant Collins, as follows: " If you find that plaintiff made an application to the Land Board of the State of Texas to purchase the land in controversy as public school lands, and that the same was at the time of said application classified as agricultural lands, and that plaintiff in said application agreed to settle on said land within six months from the time the same should be awarded to him; and if you further find that at the time of said application the plaintiff was. not an actual settler on said land, nor any part thereof, and that plaintiff has never since become an actual settler on said land, nor any part thereof, you will find for defendant Collins."

Ninth assignment: " The court erred in charging the jury to find for the plaintiff."

Appellant's answer alleges, that the pretended purchase by appellee was in April, A. D. 1885, and that his purchase was fraudulent and void, but does not allege in what the fraud consisted. Nor is it alleged that the rights of appellee secured by that purchase had been forfeited by him.

The mere fact that appellant has been in possession since April 1, 1887, does not necessarily give him a prior right over a former purchaser.

Appellant alleges, that on the 11th day of July, 1888, he made his application to the Commissioner of the General Land Office to purchase the land in controversy, and that his application was rejected by reason of said former purchase by appellee. Appellant alleges that the land has never been appraised and classified under the Act of 1887, but he does. not allege that it was not appraised and classified under the Act of 1881 or 1883, in force when appellee purchased. The Act of 1887, section 4, expressly provides that land appraised and classified under the former act need not be again appraised and classified. Nor is it alleged that. appellee failed in any particular to comply with the laws in force or the rules of the Land Board in force when he made his purchase in 1885.

We conclude, that after alleging the purchase by appellee from the State Land Board in 1885, it does not sufficiently appear from said answer that said purchase has for any reason failed, or that the appellant. has a prior or superior right to purchase the land. It follows, therefore, that there is no error in the judgment of the court below sustaining the special exceptions to appellant's answer.

The exceptions being sustained, and appellant having failed to amend, he went to trial on his general denial and pleas of not guilty, and that the land was public free school land, and that plaintiff's purchase was a. pretended purchase.

Appellant contends that the court erred in admitting in evidence, over his objection, his contract leasing the land from appellee, for the reason,

he says, that a tenant is not estopped from denying the title of his landlord in any action of trespass to try title, nor where the land is public land.

It has been held by our Supreme Court, that in order to enable a landlord to recover possession from his tenant, he is not compelled to resort to the action of forcible entry and detainer, but he may sue in the District Court and recover the possession of the land there. Juneman v. Franklin, 67 Texas, 411; Tyler v. Davis, 61 Texas, 674; McKie v. Anderson, 78 Texas, 209. And in actions of ejectment, it is sufficient for a landlord to produce his lease to close the mouth of the defendant holding under it, by estoppel.

In the case of McKie v. Anderson, relied on by appellant, the learned judge delivering the opinion said: "But when it is the purpose of the suit not only to recover possession, but to establish title or to have partition, where the decree sought will not only give possession of the land, but by estoppel settle the title to it, the rule does not apply. The tenant is estopped, while he holds that relation, from disputing his landlord's right of possession. Before doing that he should, in the language of Chief Justice Willie in the case of Juneman v. Franklin, supra, 'give up the advantage he derived from the tenancy by being let into possession, in order to remove the estoppel to which he was subjected.' "

The case of McKie v. Anderson was a suit for partition and also to try title, and it was, in substance, held, that after the tenancy was proved by the written lease, it then became incumbent upon the defendant to prove a superior title, with which he was connected, in order to defeat plaintiff's recovery. 78 Texas, 210.

The only objection offered to the introduction of the contract of sale and lease at the time it was offered and admitted in evidence, was because " said evidence was immaterial."

We do not think this objection a good one. The contracts were admissible to show by what right defendant was admitted into possession of the land. He held possession under this contract, and paid rent to appellee for one or two years, and then refused to pay any more rent or surrender possession to appellee. He has failed to show any superior right in any other person, or to connect himself with any outstanding title, if indeed there is any superior outstanding title.

No evidence was offered by appellant to show any right or title in himself or any one else, notwithstanding his right to do so under his general denial and plea of not guilty, if he could. But he contends that appellee failed to show title in himself, and that he went beyond the common source of title, the lease contract, and introduced his application to purchase the land, the award made to him by the State Land Board, his payment to the State of every installment of purchase money from

the date of his purchase, in 1885, to the date of the trial, in 1890, and the fact that the State Treasurer had his note for the balance; his actual settlement upon and improvement of the land; his contract of sale and lease thereof to his tenants, Eison brothers; his temporary absence from the State; his return to find appellant in possession as assignee of his lease and sale to Eison brothers; the new contract of lease and sale of part of the land to appellant in writing, wherein appellee's right and title are fully made known and acknowledged; the payment of the rent on the lease by Collins and Merrit for two years, and then a refusal to pay further, or surrender possession to appellee; and all these facts uncontradicted by any testimony offered in evidence, and that yet he should have gone further and shown a perfect compliance with the law in his purchase of the land, and that appellant is not estopped by the contract of purchase and lease.

If it can be said that all this uncontradicted evidence is not sufficient to show a superior right in appellee without the introduction of the lease and purchase contracts, which we will not stop here to consider; yet we conclude, that under the facts of this case, the court did not err in admitting these contracts in evidence, notwithstanding this suit was brought in the form of trespass to try title.

By these contracts, in the absence of any other testimony, it is conclusively shown that the appellee is the common source of title; and having established that beyond controversy, he was not required to go further with his proof. The fact that he did go further did not destroy the advantage gained by that evidence, unless he went far enough to prove that he had no right or title whatever. The evidence introduced does not weaken or tend to weaken his position, but does, at least, tend to show that the purchase made by him from the State Land Board, instead of being a pretended purchase, as alleged by appellant, was in fact a bona fide purchase.

We think the rule laid down by our Supreme Court in the case of Sellman v. Hardin, 58 Texas, 86, is applicable here. That is, where the evidence showed that both parties claim title under common source, the fact that appellee filed an abstract of title reaching back to the sovereignty of the soil, but failed to establish that title by proof, did not alter the rule entitling him to recover if he showed the older title under the common source. It is true, there was no abstract filed by either party in this case, but the evidence shows that appellee is the common source of title. Appellant's repudiation of the source under which he holds does not prevent appellee from proving it, and this he did, aside from as well as by the introduction of the contracts.

It is true the land was not sold in Tom Green County, nor was the block to which these surveys belonged given in the description of the

land in appellee's application.   But the healing act of March 12, 1889, protects the purchaser.

We therefore conclude that there is no error in the judgment of the court below, and it is affirmed.

*Affirmed.*

Delivered January 5, 1894.

Chief Justice FISHER did not sit in this case.