## J. D. GANN ET AL. v. C. C. ROBERTS.

Decided May 29, 1903.

**1.—Evidence—Lost Deed—Copy—Affidavit of Codefendant.**

Where a party defendant wishes to introduce in evidence a copy of a lost deed he must give the notice and make the affidavit required by the statute, and he can not avail himself of a notice and affidavit filed by a codefendant with whom he has no community of interest. Rev. Stats., art. 2312.

**2.—Trespass to Try Title—Outstanding Title—Common Source.**

Where plaintiffs show a common source of title, defendant can not defeat their title by merely showing that previous to the time the common source conveyed a third party held the title, but he must also show that the title which the common source claimed and attempted to convey to plaintiff's vendor was derived through a deed executed subsequent to the deed to such third party.

**3.—Same—Priority of Deed—Burden—Recording.**

If the deed to the third party, the outstanding title, whether first recorded or not, is older than plaintiff's deed from the common source, this prima facie establishes that the purchaser under the second deed took ho title, and devolves on plaintiffs to show a purchase for value and without notice. Fitzgerald v. Compton, 28 Texas Civ. App., 202, qualified.

**4.—Evidence—Ancient Deed—Forgery.**

Where an affidavit of forgery of a deed is filed, and only a copy from the record is offered in evidence, the age of the record is not conclusive evidence of the genuineness of the deed.

Error from the District Court of Jefferson. Tried below before Hon. J. D. Martin.

32 Civil—36.

*W. A. Patrick* and *Martin & Eddins,* for plaintiffs in error.

*Wheat & Thompson* and *Chester, Ellison & Chester,* for defendants in error.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by plaintiff in error Mollie Gann, joined by her husband, J. D. Gann, against defendants in error C. C. Roberts and H. T. Beauregard. The land in controversy is described in the petition as a part of the Stephen Eaton survey in Jefferson County, and known and designated as lot No. 3 in the partition of said survey among the heirs of Alexander Patrick, deceased.

The defendant Roberts answered by a plea of not guilty. The defendant Beauregard answered by plea of not guilty, and further pleaded against his codefendant Roberts that the claim of said Roberts to the land was a cloud upon the title of said Beauregard, and prayed judgment removing such cloud and quieting said defendant in his title and possession of the land. When the case was called for trial defendant Roberts by permission of the court withdrew his answer and filed a disclaimer. The case then proceeded to trial between the plaintiffs and the defendant Beauregard. Plaintiffs introduced in evidence a partition deed between the heirs of Alexander Patrick, deceased, with a map attached describing and identifying the land in controversy and conveying same to John T. Adkisson. This deed was executed January 5, 1875. Plaintiffs then showed by competent evidence that plaintiff Mollie J. Gann had acquired the title of said Adkisson. For the purpose of showing common source they then introduced power of attorney from Mollie J. Gann to W. L. Thompson, and by several mesne conveyances established the fact that defendant was holding the land and claiming title under this power of attorney. Mollie J. Gann was married to J. D. Gann at the time this power of attorney was executed, and he did not join in the execution of same.

For the purpose of showing an outstanding title defendant offered in evidence a copy of a deed from Stephen Eaton to E. O. Le Grand, dated October 15, 1839, and conveying to said Le Grand the Stephen Eaton survey in Jefferson County. To the introduction in evidence of this deed plaintiffs objected on the ground that the copy offered in evidence had not been filed with the papers in the case by the defendant and notice of such filing given as required by the statute. The court sustained this objection, but after the evidence was all in reversed his ruling, permitted the defendant to introduce the copy of the deed in evidence, and instructed the jury that same showed an outstanding and superior title to that shown by plaintiffs, and that they should find for the defendant. In obedience to this instruction the jury returned a verdict for the defendant, and judgment was rendered accordingly. The copy of the deed offered in evidence had been filed by the defendant Roberts, together with an affidavit of the loss of the original, and notice

of such filing had been given by said Roberts as required by the statute. In reply to the notice of filing given by Roberts plaintiffs had filed an affidavit of forgery.

Without considering the assignments of error in detail, we shall briefly state our reasons for holding that the judgment of the court below should be reversed.

Article 2312 of our Revised Statutes, which authorizes the introduction in evidence without proof of its execution of a deed which has been properly recorded, provides that the party who wishes to use such instrument in evidence shall file the same among the papers of the suit at least three days before the commencement of the trial, and shall give notice of such filing to the opposite party, and further provides that to entitle a party to introduce a copy of a deed in evidence he shall make affidavit of the loss of the original. We think it clear from the language of this statute that the party who wishes to use in evidence a copy of any instrument therein mentioned must give the notice and make the affidavit therein required; and a defendant who offers in evidence against the plaintiff a copy of a deed can not avail himself of a notice and affidavit filed by a codefendant with whom he had no community of interest. The affidavit of one defendant that the original of the copy which he offered in evidence is lost, or that he can not procure the same, may be true in so far as the knowledge or information of the affiant goes, and yet his codefendant might not be able to make such affidavit. It is manifest that under such circumstances the defendant not making the affidavit ought not to be permitted to use the copy in evidence, and for this reason the statute requires the affidavit to be made by the party offering the instrument. The same requirement is made in regard to the notice of filing of such instrument. The party against whom the instrument is offered is entitled to notice from the party offering same of his intention to use it in evidence. A plaintiff may not care to meet the evidence if offered by one defendant, and may therefore not be prepared to do so when it is offered by the other defendant who has given no notice of his intention to use such evidence. We think plaintiffs' objections to the introduction in evidence of the copy of the deed from Eaton to Le Grand should have been sustained.

If the deed had been admissible in evidence, standing alone it did not show a prima facie outstanding title. Plaintiffs having shown a common source, defendant could not defeat their title by showing the naked fact that previous to the time the common source undertook to convey a third party held the title. This is all that the deed from Eaton to Le Grand shows. In order to have established a prima facie outstanding title the defendant must have gone further and shown that the title which the common source claimed and attempted to convey was derived through a deed from Eaton executed subsequent to the deed to Le Grand. Rice v. Railway, 87 Texas, 92; Foster v. Johnson, 89 Texas, 640; Fitzgerald v. Compton, 28 Texas Civ. App., 202, 67 S. W. Rep., 132.

The statement in the opinion in the case last mentioned, that in order

to show an outstanding title the deed evidencing such title must have been recorded prior to the execution by the grantor therein of the subsequent deed under which the plaintiff claimed, is incorrect. If the execution of the first deed is shown it establishes prima facie that the purchaser under the second deed took no title, and it would devolve upon those claiming under the second purchaser to show that he purchased for value and without notice of the first deed. Turner v. Cochran, 94 Texas, 480.

An affidavit of forgery having been filed, it was error for the court to hold that the age of the record, a copy of which was offered in evidence, was conclusive evidence of the execution of the deed. The question of the genuineness of the deed should have been submitted to the jury under proper instruction. Holmes v. Coryell, 58 Texas, 681.

The judgment of the court below will be reversed and the cause remanded for a new trial, and it is so ordered.

*Reversed and remanded.*