## D. F. TIEMANN ET AL. v. HOWELL COBB ET AL.

### Decided March 24, 1904.

**1.—Married Woman—Acknowledgment.**

A certificate of acknowledgment by a married woman showing that she "being by me examined, privily and apart from her husband, and having the foregoing instrument fully explained to her, acknowledged the same to be her own act and deed and that she did not wish to retract therefrom," is insufficient in failing to show acknowledgment that she had willingly signed the deed.

**2.—Trespass to Try Title—Common Source—Landlord and Tenant.**

Plaintiff in trespass to try title can recover, though failing to show title from the sovereign, on proof of title under conveyance from defendant and defendant's acceptance of a holding under him as his tenants.

**3.—Same—Pleading—Outstanding Title.**

Defendant who has plead specially title by conveyance from one whose rights plaintiff shows that he has by older conveyances, can not defeat plaintiff's recovery under his plea of the general issue by a superior outstanding title under which he does not show by his pleading that he claims.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Ira P. Jones,* for appellant.

*Fisher, Sears & Sherwood* and *C. S. Bradley,* for appellee.

GARRETT, CHIEF JUSTICE.—D. F. Tiemann and others brought this action of trespass to try title against Howell Cobb, Jesse Williams, Winnie Williams, Nelson Wright and W. S. Hunt for the recovery of certain land lying in the city of Houston. Wright made no appearance and Hunt disclaimed title. After the plaintiffs had introduced their evidence and the defendants having offered none, the court directed the jury to return a verdict for the defendants and judgment followed in their favor. Title to the land in controversy was shown by the evidence to have vested in Ella L. Withers, the wife of W. L. Withers. A deed from W. L. Withers and wife purporting to convey the land to John R. Harris was excluded by the court on account of a defective acknowledgment. Deeds from Harris in regular chain of transfer to D. F. Tiemann & Co. were admitted only for the purpose of showing an outstanding title not connected with Ella L. Withers. Proof of survivorship and heirship to plaintiffs of the firm of D. F. Tiemann & Co. was made. The deed to D. F. Tiemann & Co. was executed November 26, 1868. The defendants Jesse Williams and Winnie Williams executed a deed March 1, 1898, to Nelson Wright conveying the land in controversy to him. March 5, 1898, Nelson Wright conveyed to W. S. Hunt and on March 30, 1898, Hunt conveyed to the plaintiffs. On March 28, 1898, the defendants Jesse and Winnie Williams entered into a lease contract with the plaintiffs in which the premises in controversy were leased to these defendants for two years from that date. In said lease they acknowl-

edged plaintiffs as owners of the land and that they occupied the same as tenants of plaintiffs; and on same date executed to the plaintiffs a separate instrument by which they disclaimed title and acknowledged them as their landlords and that they had always held as plaintiffs' tenants. Howell Cobb in his answer pleaded not guilty and by cross-bill title to a part of the premises in controversy by deed from Nelson Wright dated November —, 1901.

In deraigning their title to the property in controversy the plaintiffs offered in evidence the deed from W. L. Withers and his wife, Ella L. Withers, to John R. Harris dated January 10, 1865, and recorded January 12, 1865, but is was .objected to by the defendants on the ground that the acknowledgment of the wife, Ella Withers, was not in accordance with law. The objection was sustained and the deed excluded. In making his certificate the officer who took the acknowledgment certified that the wife "being by me examined privily and apart from her husband, and having the foregoing instrument fully explained to her, acknowledged the same to be her own act and deed and that she did not wish to retract therefrom." The objection urged and sustained was that the certificate failed to show that the said Ella L. Withers had declared that she had willingly signed the same and there were no words of equivalent import in the certificate. The form prescribed by the statute in force at the time the acknowledgment was taken, as it does now, required that the certificate should show that the wife had willingly signed the deed, but the statute provided that any certificate showing that the requisites of the law had been complied with should be as valid as the form prescribed. Pasch. Dig., art. 1003; Rev. Stats., art. 4621. According to the statute in force then it was necessary that (1) the wife should acknowledge the instrument to be her act and deed; (2) she should declare that she had freely and willingly signed and sealed it; and that (3) she wished not to retract. The prescribed form omitted the word "freely." It is not necessary that the certificate should do more than show a substantial compliance with the law, and in doing so the three requirements need not be separately certified but may be blended provided they all substantially appear. Belcher v. Weaver, 46 Texas, 293; Mullins v. Weaver, 57 Texas, 6. In certifying the acknowledgment of Ella L. Withers the officer stated that she acknowledged the same to be her own act and deed. It is contended that the word *own* as used in the certificate shows that the deed was freely and willingly signed. *Own* as an adjective means peculiar, proper, exclusive, particular, individual, private, and is indicative of possession. Cent. Dic., in verb "own." The use of the word does nothing more than indicate that the signing of the deed was the wife's act in compliance with the first requirement. It does not convey the idea that she had willingly signed. The certificate is not a sufficient compliance with the statute. In the case of Wilson v. Simpson, in which the certificate was held sufficient, the first and second requirements were blended and the word *own* used

but it was followed by the word *free.* 80 Texas, 279. By the exclusion of this deed the plaintiffs broke down in deraigning their title from the sovereignty of the soil. But the undisputed evidence shows that they also claim title by a regular chain of deeds from the defendants Jesse and Winnie Williams and that these defendants had accepted a lease from the plaintiffs and attorned to them as their tenants. By their deed to Nelson Wright the defendants Jesse and Winnie Williams devested themselves of whatever title they had, and the plaintiffs showed by the introduction of the deeds from Nelson Wright to Hunt and from Hunt to themselves that they had acquired such title. As tenants also Jesse and Winnie Williams could not deny the title of their landlords although the suit was for the title as well as the possession of the land, since they did not connect themselves with the title outstanding in Ella L. Withers. McKie v. Anderson 78 Texas, 209; Collins v. Davidson, 6 Texas Civ. App., 79. The title of Howell Cobb was junior to that of plaintiffs claiming under Nelson Wright as common source. A superior outstanding title was shown back of the common source, but it did not appear that the common source was asserting any title derived from Ella L. Withers. Gann v. Roberts, 74 S. W. Rep., 950, and authorities therein cited. Hence if the pleading of the defendant Howell Cobb was sufficient to show that he claimed a part of the land from Nelson Wright without the introduction of his deed, common source as to him would be established and it would appear that his title was junior to that of plaintiffs. In actions of trespass to try title, although the defendant under the plea of not guilty may give in evidence any lawful defense except limitation and is not required to plead his title specially, yet if he do so he will be confined to the evidence of title as pleaded. Railway v. Whitaker, 68 Texas, 630. Being confined to his title as pleaded, and it appearing from the answer that it is under common source with the plaintiffs and junior and inferior thereto, it was not necessary for the plaintiffs to put the deed in evidence to establish common source. It appearing from the undisputed evidence that the plaintiffs should have recovered judgment in the court below for the land in controversy, the judgment rendered by that court will be reversed and judgment will be here rendered in favor of plaintiffs.

*Reversed and rendered.*

### ON MOTION FOR REHEARING.

GARRETT, CHIEF JUSTICE.—It was stated in the conclusions filed when this case was decided, that "The title of Howell Cobb was junior to that of plaintiffs claiming under Nelson Wright as common source. A superior outstanding title was shown back of common source, but it did not appear that the common source was asserting any title derived from Ella L. Withers." We withdraw the conclusion as stated and substitute the following: "The title of Howell Cobb was junior

to that of plaintiffs claiming under Nelson Wright as common source. The title was shown to be in Ella Withers prior to the time the common source attempted to convey it, but there is no evidence to show that the common source did not hold under it." Unless it should be shown that common source, Nelson Wright, did not hold under Ella Withers, who it is claimed had the superior outstanding title, such outstanding title was not shown. As we understand it, in order to show a superior outstanding title back of common source it must be shown that common source did not claim under the title which is claimed to be the outstanding title. With this correction of the conclusions the motion for a rehearing is overruled.

*Overruled.*

Writ of error refused.