Delivered January 13, 1891.

---

TIMOTHY O'NEAL AND WIFE v. W. A. PETTUS.

No. 2923.

1. **Destroyed Record of Deed.** — Since the Act of 1876 a destroyed record of a deed can not operate as notice unless it has been restored as required in article 4292. This requires that the deed be rerecorded within four years after the destruction of such record.

2. **Case in Judgment.**—Border conveyed to Ballew by deed in 1860, and in that year the deed was duly recorded. The record was burned with the destruction of the court house of Goliad County, June, 1870. There was no record again made of the deed. In 1883 Border's heirs conveyed the land to appellee for value paid without notice. *Held*, that appellee took title to the land against one holding under the deed to Ballew.

APPEAL from Goliad.    Tried below before Hon. H. Clay Pleasants. A statement is given in the opinion.

*Fly & Hill,* for appellants.— The court erred in holding that the deed from Border to Ballew having been recorded, and the records burned and the deed not rerecorded, the defendant had no constructive notice of said conveyance.    Rev. Stats., art. 4334; Throckmorton v. Price, 28 Texas, 605; Fitch v. Boyer, 51 Texas, 336.

*Lane & Mayfield,* for appellee.— The destruction of the court house of a county with all its records is a public calamity, and it is the duty of all persons owning lands in such county who have had their titles thereto recorded to have them rerecorded within four years from such destruction if they desire to affect all persons with notice from the date of the first or original record of such titles.    Rev. Stats., art. 4292; Watson v. Chalk, 11 Texas, 89.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title.    It involves only two questions, of which it is only necessary for us to decide one.

One Border is the common source of title.    Border conveyed to Ballew by deed dated in 1860.    This deed was duly recorded in 1860, and the appellants, who were plaintiffs in the District Court, claim their title through it.    The record of it was destroyed by the burning of the court house of Goliad County in the year 1870, and the deed was never rerecorded. In the year 1883 the appellee purchased the land from the heirs of Border without notice of the former conveyance, and paid them a valuable consideration therefor.

It was said by this court in the case of Fitch v. Boyer, 51 Texas, 336, that when a deed had been once properly recorded the subsequent removal or destruction of the record without the fault of a party claiming under it would not prejudice his rights.    That suit was brought very near the time when the Act of 1874, and before the Act of 1876, was passed, and the opinion contains no reference to either.    One section of the Act of 1876, as amended by article 4292 of the Revised Statutes, reads as follows: "When any of the original papers mentioned in the first article of this chapter (conveyances of every description) may have been saved or preserved from loss, the record of said originals having been lost, destroyed, or carried away, the same may be recorded again, and this last registration shall have force and effect from the filing for original registration; *provided,* said originals are recorded within four years next after such loss, destruction, or removal of the records; and certified copies from any record authorized by the provisions of this title to be made may be received

in evidence in all the courts of this State in the same manner and with like effect as certified copies of the original record."

Other articles of the act provide for the record, when they exist, of certified copies when the originals are lost, and also for the establishment of lost original conveyances that have been once properly recorded and the record of the judgments establishing them.

The Act of 1876 contained a clause repealing all acts that were inconsistent with its provisions, and without such repealing clause we think article 4334 of the Revised Statutes could not since its passage be construed to continue in force a destroyed record.

Since the passage of the Act of 1876 we are of the opinion that a destroyed record can not operate as notice unless it has been restored as required by the article quoted by us.

The proviso giving to the rerecorded deed effect under a specified and limited condition during an interval when no record in fact existed, under a well known rule of construction must be held to deny that operation under any other circumstances.

The fact that a deed was destroyed so long before the passage of the law as to deprive it of the benefit of the retroactive effect of the record when made can not be held to entirely relieve such deed from the control of the law and give to it the privilege of being forever considered as a recorded instrument.

The Act of 1874 made a provision for deeds recorded within five years of the passage of the act instead of the one now in force of four years from the loss of the record.

The judgment is affirmed.

*Affirmed.*

Delivered January 16, 1891.