E. R. BARCUS v. ANDREW C. BRIGHAM.

No. 7519.

1. **Reregistration upon Destruction of Record Books, etc.**—After four years from the destruction, etc., of the records of a county, the registry of a deed in the books so destroyed ceases to be notice unless such deed be recorded again within four years from such destruction, etc. Rev. Stats, art. 4292.

2. **Same—Case in Judgment.**—In 1847 the patentee conveyed the land in controversy to ancestor of appellee. The land is in McLennan County, then in Milam County, where the deed was recorded in same year. In 1876 the records of Milam County were destroyed by fire. The land was in McLennan County upon its organization. The deed was recorded in 1888 in McLennan County. In 1882 Barcus for value and without notice bought the land from the heirs of the original grantee. *Held*, that his title was good against the first deed.

APPEAL from McLennan. Tried below before Hon. J. R. DICKINSON.

No statement is necessary.

*Clark, Dyer & Ballinger*, for appellant.—1. The appellant having purchased the property in controversy from the heirs of James K. Brown, deceased, without notice, actual or constructive, of the prior conveyance made by James K. Brown, during his lifetime, to Joseph W. Brigham, and having paid fully the purchase money at the time of such purchase, became a bona fide purchaser of said property for value, and acquired a title thereto superior to that claimed by appellee Andrew

C. Brigham, as the heir at law of said Joseph W. Brigham, deceased. Rev. Stats., art. 4332; Rev. Stats., art. 4292, Gen. Laws 1879, p. 35. Rev. Stats., art. 4358.

2. Where the records of original deeds have been lost, destroyed, or carried away, and the original deeds have been saved or preserved from loss, the vendee or others claiming under such deeds in order to protect their rights against subsequent purchasers for a valuable consideration, and to affect such subsequent purchasers with notice of these said deeds, must record again such deed within four years next after such loss, destruction, or removal of the records. Rev. Stats., art. 4292, Gen. Laws 1879, p. 35.

*W. Y. McFarland* and *Flint & Flint*, for appellee.—1. Appellant was not such an innocent bona fide purchaser of the heirs of James K. Brown of the land in controversy for value without notice as to make his claim superior to that of appellee, whose ancestor had purchased said land on May 22, 1847, and duly recorded his deed thereto on August 16, 1847, in Milam County. Rev. Stats., art. 4358; Fitch v. Boyer, 51 Texas, 349; Throckmorton v. Price, 28 Texas, 605; Wade on Notice, sec. 150; McKissick v. Colquhoun, 18 Texas, 148.

2. McLennan County having been created subsequent to Milam County, and out of territory thereof in which the land in controversy was situated, the prior registration of said senior deed in Milam County was not invalidated thereby, but continued to be equivalent to actual notice under the statutes, and constructive notice according to the decision of the Supreme Court.

STAYTON, CHIEF JUSTICE.—This is an action of trespass to try title, instituted by appellee to recover land patented to James K. Brown, through whom both parties deraign title. Brown conveyed the land to the ancestor of appellee, by deed dated May 22, 1847, which was recorded in Milam County on August 16, 1847, at which time the land was in that county. The land subsequently was placed in McLennan County, and at sometime in 1876 the records of deeds in Milam County were destroyed by fire, but the original deed continuing in existence was recorded in McLennan County on June 18, 1888.

Appellant claims under a conveyance from the heirs of James K. Brown, executed on December 6, 1882, and recorded on the same day in McLennan County.

"Defendant proved, that he paid all the purchase money, viz., $3200, for the land in controversy when he purchased and took conveyance, and it was proved defendant had no actual notice of the conveyance from James K. Brown to Joseph W. Brigham, and that defendant had no constructive notice of the conveyance from James K. Brown to Joseph W. Brigham at the time or prior to his purchase and payment

for the land in controversy, unless the record of said deed in Milam County under the circumstances in evidence amounted to such constructive notice."

The court below held, that the record of the deed in Milam County operated as notice to appellant of appellee's right, notwithstanding the record of the deed through which he claims was destroyed and the original deed not recorded within four years after that occurred; and the correctness of this ruling is the question presented on this appeal.

In Fitch v. Boyer, 51 Texas, 349, it was held, that the removal or destruction of the record of a deed duly recorded would not affect its notice-bearing capacity; but that ruling was made before the passage of the Act of July 13, 1876, or the amendment thereto of March 13, 1879. Rev. Stats., art. 4292. That act provides, that "When any of the original papers mentioned in section 1 of this act may have been saved or preserved from loss, the record of said original having been lost, destroyed, or carried away, the same may be recorded again, and this last registration shall have force and effect from the date of filing for original registration; provided, said originals are recorded within four years next after such loss, destruction, or removal of the records; and certified copies from any record authorized by the provisions of this act to be made may be read in evidence in all the courts of this State, in the same manner and with like effect as certified copies of the original record," etc. This applies to recorded deeds.

This article of the Revised Statutes as it now stands is brought forward from the Act of July 13, 1876 (Gen. Laws, p. 46), but was so amended by the Act of March 13, 1879, as to make the period for reregistration four instead of three years as provided by the former act.

Under this state of the law, more than four years elapsed after the destruction of the record in Milam County, while a law was in force requiring reregistration, before appellant bought; and it must be held, under the former decisions of this court, that the record in Milam County ceased to operate as notice before appellant bought. O'Neal v. Pettus, 79 Texas, 254; Salmon v. Huff, 80 Texas, 133.

Appellant is shown to be a purchaser for valuable consideration without notice of adverse claim, and is entitled to protection; and on the agreed facts the judgment will be reversed, and judgment here rendered in his favor. It is so ordered.

*Reversed and rendered.*

Delivered May 6, 1892.