### MARY A. SALMON ET AL. V. R. E. HUFF ET AL.

#### No. 1441.

1. **Probate of Will—Jurisdiction of District Clerk—Presumption.**—Under the Constitution of 1869 and the legislative acts of 1870 and 1873, the clerk of the District Court had authority to probate wills in vacation where there was no contest; and as against a collateral attack upon such probate by him, the presumption in favor of jurisdiction obtains as in ordinary cases of the exercise of jurisdiction by Probate Courts.

2. **Registration—Notice—Burned Records.**—Where the record of deeds duly recorded has been destroyed, and there is a failure to again record them within the time prescribed by law, the former record ceases to have the effect of notice.

3. **Same—Validity of the Law.**—An Act of the Legislature requiring deeds executed before its passage to be again recorded within a limited period after the destruction of the first registry is valid, and does not, within the constitutional inhibitions, impair rights previously vested by their execution.

APPEAL from Wichita. Tried below before Hon. GEO. E. MILLER.

*W. W. Flood,* for appellants.—1. The pretended probate of said will was null and void, and any legislative attempt to confer jurisdiction on districts clerks to probate wills was unconstitutional and void, because such jurisdiction had already been conferred exclusively on the District Courts, and this jurisdiction could not be taken away by the Legislature.

But even if the authority sought to be conferred on district clerks to probate wills in vacation is legal and valid, then it is a special and limited jurisdiction, and must be exercised in the exact manner prescribed by the statute, and the record must affirmatively show that all the requirements of the law have been fulfilled, and no presumption will be indulged in favor of such proceedings. Const. 1869, art. 5, secs. 1, 7, 9; Messner v. Giddings, 65 Texas, 305; Ex Parte Whitlow, 59 Texas, 273; Parker v. Railway, 84 Texas, 333; Mitchell v. Runkle, 25 Texas Supp., 432; Freem. on Judg., sec. 123; Lessors of Grignon v. Astor, 2 How., 320; Harvey v. Tyler, 2 Wall., 342; Acts of 1870, chap. 81, secs. 1–22; Id., chap. 81, sec. 75, subdivs. 1, 2, 3; Id., chap. 81, secs. 79, 85, 86; Id., chap. 73, sec. 1.

2. The appellant's deeds were properly filed and registered in Montague County in 1872, and as the lands embraced in these deeds were situated in Wichita County, then an unorganized county, legally attached to Montague County for judicial and other purposes, any subsequent destruction of these records of Montague County, without fault of appellant, could and should not affect or impair the constructive notice afforded by the original record. Alford v. Jones, 71 Texas, 510; Cox v. Railway, 68 Texas, 226; Const. 1869, art. 1, sec. 14; Throckmorton v. Price, 28 Texas, 606; Fitch v. Boyer, 51 Texas, 336; Webb on Rec. of Title, sec. 187; Wade on Notice, sec. 157; 1 Dev. on Deeds, sec. 690; Shannon v. Hall, 22 Am. Rep., 146.

3. Appellants, by reason of the registry of their deed in 1872, in Montague County, and in pursuance of the registry law then in force, acquired a vested right in the land in controversy as against a subsequent purchaser for value without notice, and article 4282, Revised Statutes, and the Acts of 1874 and 1876, contravene and nullify the same, and are repugnant to the Constitution of the United States, and void. Bronson v. Kinsle, 1 How., 319; McCracken v. Hayward, 2 How., 612; Walker v. Whitehead, 16 Wall., 857; United States v. Quincy, 4 Wall., 403.

*Hunter, Stewart & Dunklin,* for appellees.—1. Excepting the last one, all the questions and points raised and made in appellant's brief have heretofore been settled and decided adversely to appellants by the Supreme Court on a former appeal of this case. Salmon v. Huff, 80 Texas, 113.

2. A Probate Court is, with reference to matters of probate and pertaining to administration of estates, a court of general jurisdiction, and when it has opened jurisdiction in a matter of administration under proceedings apparently regular, the presumption that its jurisdiction properly attached is conclusive on a collateral attack. Murchison v. White, 46 Texas, 78; Guilford v. Love, 49 Texas, 715; Whitman v. Haywood, 77 Texas, 557.

TARLTON, CHIEF JUSTICE.—The parties to the issues presented in this record are the appellants Mary A. Salmon and her husband, Trueman Salmon, joined pro forma with her, plaintiffs in the trial court, and the appellees R. E. Huff and T. C. Thomson, who, as defendants, prevailed in that court. The suit involves the title to 425 acres out of an 800 acres tract of the Lofton Vess survey, in Wichita County.

The entire 800 acres tract was by the District Court of Lavaca County, in 1859, decreed by metes and bounds to James Henderson, the common source of title.

From this common source the appellant Mary A. Salmon deraigns title as follows: 1. A deed of conveyance, dated December, 1860, by James Henderson to Philip Howard. 2. A deed of gift, dated

August, 1871, by Philip Howard to his sister, Mary A. Salmon. In 1872 these deeds were recorded in Montague County, to which Wichita was then attached for judicial purposes. In 1873 the records of Montague County, including the records of these deeds, were burned. The original deeds having been preserved, were, on September 4, 1886, recorded in Wichita County, which had been in the meanwhile organized.

The appellees deraign title as follows: 1. The will of James Henderson, deceased, by which the entire 800 acres tract purports to have been devised to B. F. Bishop and Emily Bishop. It is claimed that this will was duly probated in Lavaca County, in September, 1874. 2. Deed dated in 1876, executed by B. F. and Emil Bishop, to H. N. Jetton. 3. Deed dated in December, 1885, executed by H. N. Jetton to the appellee Thomson, who subsequently conveyed to the appellee Huff. The testimony showed beyond dispute that Thomson purchased and took title, paying a valuable consideration, without actual notice of the appellants' claim.

The appellants assail the validity of the order admitting to probate the will of James Henderson. This order was entered in vacation, on September 30, 1874, by the clerk of the District Court of Lavaca County. It is contended, (1) that the decree is void for want of jurisdiction in the clerk to entertain or to grant the application to probate the will; (2) that if the clerk was invested with such power, his jurisdiction was special and limited, and as the record (so it is claimed) fails in this instance to show affirmatively that all the requirements of the law purporting to confer such jurisdiction were complied with, that the probate should be ignored.

The action of the clerk was had under the provisions of the Act of 1873 (see Acts of 1873, p. 108), amendatory of the previous Acts of August 15, 1870, "prescribing the mode of proceeding for District Courts in matters of probate." By the terms of that act, jurisdiction was conferred upon district clerks to probate wills in vacation, and when there was no contest. The decision of the Supreme Court in De las Fuentes v. McDonald, 85 Texas, 135, correctly requires our approval of the constitutionality of this act, adopted as it was under section 9, article 5, of the Constitution of 1869, providing, that "the said clerk shall exercise such powers and perform such duties pertaining to the estates of deceased persons, lunatics, minors, and persons of unsound mind, in vacation, as may be prescribed by law, provided that all contested issues of law and fact shall be determined by the District Court."

Nor are we disposed to heed the suggestion of the appellants, that admitting the existence of the constitutional and statutory conditions referred to, the jurisdiction of the clerk was special and limited, in the sense that to sustain the probate order entered by him, under the conditions named, affirmative evidence should be produced that every act had been regularly performed which the statute prescribed as pre-

liminary to an exercise of the jurisdiction. Within the limitations defined by the statute, the jurisdiction of the clerk was plenary and general. Indeed, interpreting its character with reference to the purpose of the act, indicated by its caption as "An act prescribing the mode of proceeding in District Courts in matters of probate," the jurisdiction exercised, as in this instance, might with probable accuracy be described as that of the District Court exerted under constitutional warrant in vacation, and in the absence of contest, through the medium or ministry of the clerk. When therefore the will of James Henderson was produced in this case, together with the order of the clerk of the District Court of Lavaca County, admitting it to probate, appearing to have been entered in vacation, and in the absence of contest, reciting as it did the proof of all the facts otherwise necessary to its probate under the statute, the presumption obtains, as in ordinary cases of the exercise of jurisdiction by Probate Courts, that, as against collateral attack, the jurisdiction properly attached. Murchison v. White, 54 Texas, 78; Guilford v. Love, 49 Texas, 715; Whitman v. Haywood, 77 Texas, 557.

Again, it is not improper to remark that we have examined the copy of the application to probate the will, and of the notice issued in accordance therewith, and the return thereon of the proof of the will, together with the copy of the bond and oath of the executor Bishop, all of which were read in evidence in connection with the copy of the will and of the order of probate, and, without detailing the features of these several documents, we are not prepared to hold but that they furnish such affirmative evidence of the regularity of the probate proceedings as to justify the action of the court in admitting them in evidence, even under an application of the stringent rule invoked by the appellants with reference to courts of limited jurisdiction.

To hold with appellants, that because of the fact that their deeds were in the first instance properly recorded they should operate as notice after the destruction of the records, and after their failure to again record them within the period prescribed by law, it would be necessary to overrule at least three decisions of our Supreme Court: Salmon v. Huff, 80 Texas, 133; O'Neal v. Pettis, 79 Texas, 254; Barcus v. Brigham, 84 Texas, 538. This, for manifest reasons, we decline to do.

It is true that appellants, in this connection, urge a proposition not in those cases presented nor considered, viz., that an act requiring a deed executed before its passage to be again recorded within a limited period after the destruction of the first registry, impairs a right previously vested by the execution of the conveyance, and is so repugnant to the Federal Constitution.

It would not, we apprehend, be seriously contended that it is beyond the power of the Legislature to require the registration in the first instance of a conveyance executed previous to the attempted exercise of such power. We fail, therefore, to appreciate the force of

the reasoning which would deny the exercise of the power to require, within a reasonably limited period, the registration in the second instance, after a destruction of the first registry. The validity of such legislation left to the sound discretion of the law making power is recognized, as in the case of the enactment of statutes of limitation, upon considerations of public policy. Unless palpably unreasonable, it will not be held in any sense to interfere with vested rights. Jackson v. Lamphire, 3 Pet., 278.

We are thus led to affirm the judgment, and it is so ordered.

*Affirmed.*

Delivered November 29, 1894.

Writ of error refused.