Eliza Kempner et al. v. Beaumont Lumber Company et al.

Decided January 4, 1899.

1. **Partition—Illegality Cured by Deeds.**

Where parties execute deeds to one another in pursuance of a partition, they can not thereafter object to the legality of the partition on the ground that no proper authority is shown for the appointment of the commissioner who made it.

2. **Practice on Appeal.**

Parties who consent that the record of deeds may be used can not object on appeal that this was done.

3. **Registration of Deeds—Burned Records—Reregistry.**

The provision of the statute, that if the original deed is not recorded within four years after the destruction of its record, a subsequent good faith purchaser will be protected, is applicable to deeds destroyed before its enactment which should be recorded within four years after the act took effect in order to preserve notice from the date of their first registration. Rev. Stats., art. 4292.

4. **Partition Deed Is Not a Quitclaim.**

A deed executed upon partition is not strictly a quitclaim deed, but intended to pass the land itself, and not merely a claim to it, and one who acquires the land for value thereunder and without notice is an innocent purchaser.

5. **Evidence—Hearsay.**

Testimony by a witness as to what was told him by a person since deceased is hearsay.

6. **Warranty—Measure of Damages Upon Breach.**

The measure of damages sustained by the grantee of wild and unoccupied land on failure of warranty is the amount of the purchase money with interest from the time it was paid.

7. **Same.**

Upon failure of title to land conveyed by warranty deed, the measure of damages is the purchase price, and not its actual value, where it was sold in connection with another tract which the grantee was so desirous of obtaining that he paid more for the tract in question than it was worth.

8. **Deed of All Interest Not a Quitclaim, When.**

A deed which "grants, sells, and conveys all the grantor's right, title, and interest, being an undivided one-half interest" in specified real estate, to have and to hold the premises to the grantee, and which includes a general warranty, is a warranty deed.

Appeal from Jasper. Tried below before Hon. Stephen P. West.

*W. W. Blake,* for appellants.

*Ford, Stone & Ford, J. T. Beaty,* and *Greer & Greer,* for appellees.

Fly, Associate Justice.—The Beaumont Lumber Company, a private corporation, sued the Texas Tram and Lumber Company in trespass to try title to 700 acres of land out of a league patented to

John D. Johnson. It was alleged by the plaintiff that the defendant was claiming through a mesne conveyance purporting to have been made by the patentee to E. O. Legrand, and that plaintiff was an innocent purchaser for value without notice of such deed. The defendant answered by general demurrer, general denial, and plea of not guilty, and by a plea of purchase in good faith from H. Kempner and J. G. Smyth of the land for the sum of $4 per acre, and that they had warranted the title to the land. It was further stated that H. Kempner was dead, and that Mrs. Eliza Kempner was his surviving wife and the duly qualified survivor in the community estate. It was prayed that Mrs. Kempner and J. G. Smyth be made parties. These parties answered adopting the answer of the defendant as to the plaintiff, but denying their liability under a warranty. The cause was tried before the court and resulted in a judgment in favor of the Beaumont Lumber Company for the land, and in favor of the Texas Tram and Lumber Company against Mrs. Kempner and J. G. Smyth for the sum of $4315.30, being the principal $2800, paid for the land, and interest at 6 per cent thereon from date of purchase, August 22, 1888, to the date of the judgment, March 10, 1898.

The facts disclose that the land was patented to John D. Johnson, and that after his death and that of his wife it was inherited by his two children, Braxton and Kate, and a daughter of his wife by a second husband, Mary Chatham. In 1874 the heirs made a partition of land and made deeds to each—the land in controversy to Lou O. Johnson, the widow of Braxton Johnson, who conveyed the land to Keaghey & Rigsby, who in March, 1892, conveyed it to the Beaumont Lumber Company. Appellants claimed the land through a mesne conveyance purporting to have been executed by John D. Johnson to E. O. Legrand. The court was justified in finding it a forgery. The other facts necessary to a proper understanding of the case are found in the opinion that follows.

Objection was urged to a partition of the land of John D. Johnson among his heirs, made by commissioners appointed by a justice of the peace, on the ground that no proper authority was shown to have existed for the appointment of the commissioners. It is clear that the testimony was not admissible, and it is probable that it would not have been admitted in evidence had it not been stated by counsel for the plaintiff, and the statement acquiesced in by counsel for the Texas Tram and Lumber Company and not denied by counsel for appellants, that a written agreement had been made by the parties to use the record of the paper. The objection, however, can avail nothing, because the parties to whom the land was partitioned afterwards made deeds one to the other to the land. The objection to the record of the deeds from Pickens and wife and Chatham and wife to Lou Johnson being used, can not be taken advantage of by appellant, because they had agreed that the records could be used. The objection to the deeds on the

ground that the grantors were not identified as heirs of John D. Johnson must, in the light of the testimony, fail.

In his first conclusion of law, it was held by the trial court that "When the record of a deed has been destroyed, if the original be not rerecorded within four years, a subsequent purchaser for value without notice will be protected, and he will not be chargeable with constructive notice by reason of the fact that the deed was once recorded, the record of which was burned." Appellants present this conclusion as error, on the ground that it is an abstract proposition of law with no applicability to the facts. There is no merit in the proposition. The purported deed from John D. Johnson to E. O. Legrand, through which appellants claimed title, was recorded in March, 1845, and the records were destroyed by fire in 1849, but the original deed was never recorded again. The statute requiring the reregistration of original deeds within four years from the date of the destruction of a former record was passed in 1879, and the land in controversy was purchased by the Beaumont Lumber Company in 1892, more than thirteen years after the law had taken effect. The law, article 4292, Revised Statutes, would apply to the reregistration of deeds, the record of which was destroyed, before it was enacted, the time in which it could be recorded so as to cause notice to commence with its first registration beginning to run from the time the law went into effect. O'Neal v. Pettus, 79 Texas, 254; Salmon v. Huff, 80 Texas, 133; Barcus v. Brigham, 84 Texas, 538; Magee v. Merriman, 85 Texas, 105.

It is contended that the deeds executed between the heirs of John D. Johnson were quitclaim deeds, and the Beaumont Lumber Company claiming through such deeds was not an innocent purchaser. The deed from the other heirs of John D. Johnson to Lou O. Johnson was for the purpose of partition, and was not in the strict sense of that term a quitclaim deed, but was intended to pass the land itself to the grantee, and not merely a claim to the land. Richardson v. Levi, 67 Texas, 366; Lumber Co. v. Hancock, 70 Texas, 314; Garrett v. Christopher, 74 Texas, 453; Webb on Record of Title, sec. 183. We are of the opinion that the court did not err in finding the Beaumont Lumber Company was an innocent purchaser of the land for value and without notice.

The court found that when the purported deed from John D. Johnson to Legrand was executed the former had been dead several years, and that the deed was therefore a forgery, and the finding is supported by the facts. The identity of John D. Johnson as the owner of the land in controversy, as the ancestor of Lou O. Johnson's husband, and as the man who died before the Legrand deed was executed, was fully established by the proof. However, it would not matter whether Johnson executed the deed to Legrand or not, in view of the fact that the Beaumont Lumber Company had no notice of its existence.

The testimony of J. G. Smyth as to what was told him by his deceased partner, Kempner, was properly excluded as hearsay.

The land in controversy, as admitted by appellants in their brief, was

wild and unoccupied, and the Texas Tram and Lumber Company had not been in possession or used the same in any way. In such case the measure of damages on the warranty of appellants was the purchase money of the land with interest from the time it was paid. Brown v. Hearon, 66 Texas, 63; Mann v. Matthews, 82 Texas, 98.

It was in proof that the tract of land in controversy was bought from appellants by the Beaumont Lumber Company in connection with the purchase of a larger and much more valuable tract, but that appellants fixed the same price upon the inferior tract of land that they did upon the other, and would not consent to a sale upon any other terms, and such company being very desirous of obtaining the larger tract, consented to pay the high price for the smaller piece. When the title to the latter tract failed, the amount per acre paid for it would be the measure of damages on the warranty and not its actual value.

The conveyances from appellants to the Texas Tram and Lumber Company were warranty deeds. The language in the deeds was, "have granted, sold, and conveyed, and by these presents do grant, sell, and convey unto the said Texas Tram and Lumber Company, its assigns and successors, of the county of Jefferson and State of Texas, all that certain real estate as follows, to wit, 'All my right, title and claim and interest, being an undivided one-half interest,'" etc. The language of the habendum clause is: "To have and to hold the above described premises," etc., followed by a general warranty of the premises. Garrett v. Christopher, above cited.

We conclude that there is no error requiring a reversal, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.