### C. L. MOODY v. J. M. HAHN.

Decided March 30, 1901.

**1.—Assignment of Error.**

An assignmen of error to the sufficiency of the evidence to support the verdict may be denied consideration on account of the too general statement in the motion for new trial, that the finding complained of "was contrary to the evidence and unsupported by the evidence."

**2.—State School Land—Actual Settlement—Mistake as to Tract.**

See the opinion for evidence held sufficient to warrant a finding that one who had purchased school land as an actual settler thereon had duly established his. residence in a certain dugout in the belief that it was on the tract, and that this belief was well founded—although the evidence strongly tended to show that it. was in fact across the line on an adjoining tract.

**3.—New Trial—Bias of Juror—Conflict of Evidence.**

Where on a motion for new trial on account of bias of certain jurors, the evidence was conflicting, the trial court's action in denying the motion will not be reviewed.

Appeal from Stonewall.   Tried below before Hon. P. D. Sanders.

*S. W. Scott, A. C. Foster,* and *Theodore Mack,* for appellant.

*Kirby & Kirby,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The appellee brought this suit against appellant to recover the south half of section 216, public school lands, situated in Stonewall County, claiming under transfer from J. T. Craft, the original purchaser from the State, the date of this transfer being January 16, 1900, and of the original purchase, September 16,. 1897.   Appellant made two applications to purchase, one dated November 27, 1899, and the other February 10, 1900, both of which were rejected on account of the previous sale to Craft.   The right of appellee to recover was made to depend upon whether or not Craft became an actual settler upon section 216 within six months from the date of his application to purchase, September 16, 1897.   In response to special issues submitted to the jury, a verdict was returned in favor of appellee, the jury finding:   (1)   That Craft actually settled upon section 216 within six months from the date of his purchase, with the intention of

making the land his home, and that such actual settlement continued to the date of his transfer to appellee; (2) that the dugout in which he lived, known as the J. J. Craft dugout, was on section 216; (3) that J. T. Craft established his residence at this dugout within six months after the date of his purchase in the belief that it was on section 216, and that this belief was well founded. Other issues were covered by the jury which need not be noticed.

Complaint was made of the verdict in the motion for new trial, and is renewed in the assignments of error, upon the ground that it was contrary to and unsupported by the evidence in finding that the dugout in which J. T. Craft made his settlement was on the land in controversy, the contention being that the proof showed it to be just across the line on section 120. There was evidence that one surveyor had run one line which placed the dugout on the section in question, but it was also shown that he had run other lines which placed it on section 120, and he was not introduced as a witness; nor was any other testimony offered to show which of the lines run by him was the correct line. On the contrary, another surveyor was introduced, who had traced the line between the two sections, whose testimony left little room for doubt that the dugout was on 120, and not on 216. But we would perhaps have to overrule this assignment on account of the too general statement in the motion for new trial that the finding "was contrary to the evidence and unsupported by the evidence." Clark v. Pearce, 80 Texas, 150; Degener v. O'Leary, 85 Texas, 171; Suggs v. Terry, 34 S. W. Rep., 354; Railway v. Osborne, 26 S. W. Rep., 274.

The finding that J. T. Craft established his residence in the dugout in the well-founded belief that it was on the land in controversy is also complained of, but we think the evidence warranted this finding, which is sufficient to support the judgment. Chancy v. State, 84 Texas, 538; White v. Hall, recently decided by Supreme Court, 61 S. W. Rep., 385.

As to the bias of two of the jurors, the evidence was conflicting, and we would not, therefore, be warranted in holding that the court erred in refusing a new trial upon this ground.

Assignments all overruled and judgment affirmed.

*Affirmed.*