### W. A. WALL ET AL. v. F. R. LUBBOCK ET AL.

Decided November 25, 1908.

**1.—Evidence—Pedigree—Declarations.**

The rule admitting hearsay evidence in matters of pedigree permits proof by a member of the family of their descent from a certain ancestor and of his death and the date thereof, though known to the witness only from declarations of other living members of the family, or of persons not members.

**2.—Same—Understanding in Community.**

Hearsay admissible in proof of matters of pedigree includes evidence of the general understanding of the community on descent, widowhood at a given date, etc.

**3.—Agency—Death—Revocation.**

A deed by an agent made after the revocation of his authority by death of the principal is void; and such revocation on death must be assumed in the absence of evidence that the agent's power was coupled with an interest.

**4.—Same—Limitation—Color of Title.**

A conveyance by an agent after revocation of his authority by death of the principal, being void, will not furnish color of title under the three years statute of limitation.

**5.—Limitation—Ten Years—Constructive Possession.**

Constructive possession does not extend to the boundaries described in the muniment of title, other than a deed, under which the possessor claims, unless the instrument is duly registered. If same is a will, the record of which has been destroyed, the registration must be supplied within the time and in the manner prescribed in order to maintain constructive possession. (Rev. Stats., arts. 3344, 4597, 4600, 5352.)

Appeal from the District Court of Sabine County. Tried below before Hon. James I. Perkins.

*Hamilton & Winton, John Hamman* and *John B. Warren,* for appellants.—The evidence of F. R. Lubbock, to the effect that John S. Chiveral died in 1836, being hearsay, was not admissible in evidence unless it was shown: (1) That he testified as to said fact from family history; or (2) that he had gotten such information from specific declaration or declarations of a member or members of the family since deceased; and (3) that the declaration or declarations were made before this controversy arose. Byers v. Wallace, 87 Texas, 511; Nunn v. Mayes, 9 Texas Civ. App., 371-3; De Leon v. McMurray, 5 Texas Civ. App., 283; Wallace v. Howard, 30 S. W., 711; Johns v. Northcutt, 49 Texas, 455; Davidson v. Senior, 3 Texas Civ. App., 547; Cook v. Cattle Co., 39 S. W., 1010; Schott v. Pellerim, 43 S. W., 944; Nehring v. McMurrian, 94 Texas, 51, 52; Abbott's Trial Evidence, p. 91 (2d ed.).

The evidence of F. R. Lubbock, to the effect that John S. Chiveral died in 1836, was inadmissible, because it was hearsay and a statement of an independent fact not connected with or related to pedigree upon which plaintiffs founded the right to invalidate the deed from Frazier to Smith, and such evidence is not admissible to prove such fact except when it tends to identify the person in question as a member of a particular family. Byers v. Wallace, 87 Texas, 511; 1 Phillips on Evidence (5th Am. ed.), 207; State v. Marshall, 137 Mo., 480, 621.

The evidence of F. R. Lubbock, to the effect that John S. Chiveral died in 1836, was not admissible, because the said evidence was hearsay, and it appeared affirmatively from the evidence that Mrs. Jane Jackson, the only surviving child of John S. Chiveral, was still living at La Porte, Texas, and there was other and better evidence of said fact. Abbott's Trial Evidence (2d ed.), 116.

General understanding that John S. Chiveral was dead at a particular time, and that he had been murdered, was not admissible in evidence, because hearsay, especially as the witness testified that he was only eight years old at the time testified about, and that he never talked to the supposed widow or any of her children concerning such matter. Abbott's

Trial Evidence (2d ed.), 121; Jackson v. Brawner, 18 Johns., 37; Texas Mexican Ry. Co. v. Douglass, 69 Texas, 694.

When the evidence on a proposition advanced by a litigant is so preponderating in his favor that the court would be required to set aside the verdict of the jury, if the jury should find adversely to such litigant, then the court is authorized, and it is his duty, to instruct the jury peremptorily in favor of such litigant, if such issue is decisive of the rights of the parties. Veramendi v. Hutchins, 48 Texas, 551; Watrous v. McGrew, 16 Texas, 506; Rigsby v. Galceron, 15 Texas Civ. App., 379; Maxon v. Jennings, 19 Texas Civ. App., 707; Dailey v. Starr, 26 Texas, 565; Williams v. Conger, 125 U. S., 422; Johnson v. Timmons, 50 Texas, 533; Garner v. Lasker, 71 Texas, 435; Hensel v. Kegans, 79 Texas, 349; Harrison v. McMurray, 71 Texas, 128; Johnson v. Shaw, 41 Texas, 433; McCulloch Co. v. Whitefort, 21 Texas Civ. App., 316; Batcheller v. Besancon, 19 Texas Civ. App., 137; Poole v. Heirs of Foster, 49 S. W., 923; Folts v. Ferguson, 24 S. W., 658; Stookesbury v. Swan, 85 Texas, 573; Davis v. Pearson, 6 Texas Civ. App., 593; O'Donnell v. Johns & Co., 76 Texas, 362; Harrison v. Friar, 8 Texas Civ. App., 524; Smith v. Swan, 2 Texas Civ. App., 568.

It was incumbent on the court to submit to the jury the question of fact as to the authority of the said Frazier to make said deed and by appropriate instructions allow the jury to decide the question as to Frazier's authority. Stooksbury v. Swan, 85 Texas, 573; Taylor v. Watkins, 26 Texas, 688; Dailey v. Starr, 26 Texas, 562; Herndon v. Vick, 89 Texas, 475; Watrous v. McGrew, 16 Texas, 513; Harrison v. McMurray, 71 Texas, 128.

Color of title is established by a written chain of transfer, though one of the links is executed by an agent, or one purporting to be agent, if to show a lack of authority to execute the deed it is necessary to resort to evidence aliunde the deed. Pearson v. Burdett, 26 Texas, 171; Downs v. Porter, 54 Texas, 62; Fry v. Baker, 59 Texas, 405; League v. Rogan, 59 Texas, 433; Grigsby v. May, 84 Texas, 256; Hanner .v. Moulton, 138 U. S., 491; Todd v. Willis, 66 Texas, 709.

*Goodrich & Synnott,* for appellee.—The witness Lubbock, being a member of the Chiveral family, could testify as to its pedigree without giving the source of his information. Elliot on Evidence, secs. 360, 366, 367, 378, 371; Wharton's Evidence, sec. 201; 22 Am. & Eng. Ency. of Law, 647; Byers v. Wallace, 87 Texas, 511; Allston v. Allston, 86 N. W., 57; Jewell v. Jewell, 1 How., 219; Fulkerson v. Holmes, 119 U. S., 389; Boone v. Miller, 73 Texas, 564.

Time of death is a part of pedigree, and the depositions of Lubbock were admissible to prove the date of the death of John S. Chiveral, notwithstanding rights of property depended upon whether he died previous to June 27, 1846, and any objections to it must go to its weight and not to its admissibility. Insurance Co. v. Blodgett, 8 Texas Civ. App., 45; Lessee of Scott v. Ratcliff, 5 Peters, 81; Primm v. Stewart, 7 Texas, 182; Turner v. Sealock, 21 Texas Civ. App., 597; 1 Greenleaf on Evidence, sec. 104; 1 Elliot on Evidence, secs. 374, 375; Byers v. Wallace, 87 Texas, 503; Fulkerson v. Holmes, 119 U. S., 915; Somerhill v. Darrow, 94 Texas, 75.

General reputation, in 1842 or 1843, that Chiveral was dead and Mrs. Chiveral a widow, was admissible to prove Chiveral's death before that date. Lessee of Scott v. Ratcliff, 5 Pet., 81; 1 Wharton on Evidence, sec. 223; Primm v. Stewart, 7 Texas, 182; Turner v. Sealock, 21 Texas Civ. App., 597; Houston City St. Ry. Co. v. Reichart, 27 S. W., 920.

The authority of W. B. Frazer to convey by virtue of a power of attorney the land of John S. Chiveral had been revoked by Chiveral's previous death, and the refusal of the requested charge was therefore proper. Cornelius v. Buford, 28 Texas, 207; Stooksbury v. Swan, 85 Texas, 569; Perry v. Blackey, 47 S. W., 845; Mast v. Tibbles, 60 Texas, 306; 22 Am. & Eng. Ency. of Law, 1240, 1267, 1290; Largen v. State ex rel. Abney, 76 Texas, 323; Graham v. Hawkins, 38 Texas, 634; Johnson v. Timmons, 50 Texas, 534; Smith v. Swann, 22 S. W., 249; Hensel v. Kegans, 79 Texas, 350; Kent v. Cecil, 25 S. W., 715.

The court, from the recitation in the deed from Frazer, as agent of Chiveral, having presumed that power of attorney had been executed, and the jury having found that, at the time Frazer attempted to act upon the authority of such power of attorney, Chiveral, the principal, was dead, and appellants having suggested no circumstances that could defeat the rule of law, the court could but declare the law, to wit: That the death of the principal revoked the authority of his agent, and render judgment for appellees. Stcoksbury v. Swann, 85 Texas, 569; Perry v. Blakey, 47 S. W., 845; Mast v. Tibbles, 60 Texas, 301; 22 Am. & Eng. Ency. of Law, 1240, 1267, 1290; Largen v. State, 76 Texas, 323; Graham v. Hawkins, 38 Texas, 634; Johnson v. Timmons, 50 Texas, 534; Smith v. Swann, 27 S. W., 249; Hinsel v. Kegans, 79 Texas, 350; Kent v. Cecil, 25 S. W., 715; Cleveland v. Williams, 29 Texas, 214; Nehring v. McMurrian, 45 S. W., 1032; Renfro v. Waco, 33 S. W., 76; Connor v. Parsons, 30 S. W., 84.

No presumption can be indulged, in support of the deed from Frazer, as agent for Chiveral, that the former acted under a power of attorney irrevocable because coupled with an interest. 1 Am. & Eng. Ency. of Law, 1218, 1223, 1224, 1225; Dougherty v. Moon, 59 Texas, 397; Hunt v. Rousmanier, 8 Wheat., 174; Harper v. Little, 2 Maine, 14; 11 Am. Dec., 25; McDonald v. Hanna, 51 Fed., 75.

Frazer's deed to Smith was void, and did not, therefore constitute such color of title as would support the plea of limitation, under the three years statute, notwithstanding it must be shown by extrinsic evidence that it was void. Rev. Stats., art. 3341; Cox v. Bray, 29 Texas, 263; Connor v. Parsons, 30 S. W., 83; Lattimer v. Logwood, 27 S. W., 960; Veramendi v. Hutchins, 48 Texas, 531; Arnold v. Hodge, 20 Texas Civ. App., 211.

One of the instruments under which James Youngblood and Henry Robertson claimed the land in controversy during their possession from March 30, 1870, to May 24, 1882, was a memorandum other than a deed, to wit: The will of R. H. Smith and its probate, and as the same was not of record, after 1875, till after the land in controversy was deeded off from the occupied portion, May 24, 1882, then by such possession. Youngblood and Robertson could prescribe only to 160 acres to include their improvements, which 160 acres could not be made to include any

of the land in controversy. Rev. Stats., arts. 3344, 5352, 4600, 4597; Clark v. Hills, 67 Texas, 149; Craig v. Cartwright, 65 Texas, 413.

KEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, F. R. Lubbock and others being plaintiffs and W. A. Wall and his wife being defendants in the court below. The land involved is a part of the John S. Chiveral headright survey of 1,280 acres, located in Sabine County.

The answer filed by the defendants embraced a general denial and plea of not guilty and limitation of three, five and ten years.

The land was patented to John S. Chiveral in 1845, and the plaintiffs proved the death of John S. Chiveral and that they were his heirs.

The defendants claimed the land under a chain of title alleged to extend back to John S. Chiveral. The first deed in their chain of title is dated June 27, 1846, and is executed by W. B. Frazier, purporting to act as the agent and attorney for John S. Chiveral. The deed referred to was not produced, but evidence was submitted tending to prove its existence, loss and contents, and the jury, in responding to special issues submitted to them, found that such deed was executed. The plaintiffs introduced testimony tending to show the death of John S. Chiveral prior to the execution of the deed referred to by W. B. Frazier, as agent of Chiveral, and the jury found as a fact that John S. Chiveral was dead at the time Frazier executed that deed. The jury also found that the defendants, or those under whom they held, had peaceable and adverse possession of a portion of the John S. Chiveral survey lying south of the Houston Bayou in Sabine County, cultivating, using or enjoying the same for ten consecutive years after the 30th day of March, 1870, and prior to the 24th day of May, 1882. They also found that in 1875 the deed records of Sabine County, including the records of the deeds and will under which the defendants claim, were destroyed by fire, and that said deeds and will were not again recorded in that county. Upon these findings of the jury the trial court rendered judgment for the plaintiffs for the land in controversy, and the defendants have appealed.

The first assignment of error challenges the correctness of the trial court's ruling in permitting the plaintiff, F. R. Lubbock, to testify concerning the death, and the time thereof, of J. S. Chiveral, and the relationship of the plaintiffs to him, the contention being that the testimony referred to was hearsay and not admissible. The witness testified that his wife was a daughter of G. H. Chiveral, and that G. H. Chiveral was the son of John S. Chiveral. He also testified that John S. Chiveral died in 1836, leaving two surviving children, only one of whom is now alive. On cross-examination the witness stated that at the time of testifying he was 56 years old, and that he did not know John S. Chiveral. Being asked how he knew that G. H. Chiveral was related to John S. Chiveral, he answered: "I know that John S. Chiveral was the father of G. H. Chiveral from family history." In response to another cross-interrogatory he said: "When I answered direct interrogatory No. 10 by saying that Jane and G. H. Chiveral were the only heirs of John S. Chiveral, I spoke from what I had been told by the family. I was told by the family that they were the children of John S. Chiveral of Sabine County, Texas." It was also shown that the witness first formed the ac-

quaintance of G. H. Chiveral in 1864 or 1865, and afterwards married his daughter Elizabeth, who is one of the plaintiffs in this suit.

It is well settled that matters of pedigree may be proved by hearsay testimony, such as family history; and it has also been held that other facts, not entirely matters of pedigree, may be so intimately connected with pedigree as to permit their proof by the same character of testimony. (Byers v. Wallace, 87 Texas, 511.) The witness was a member of the Chiveral family, and we think it was competent for him to give testimony as to the family history, including the death and time of death of John S. Chiveral, although he did not state that he obtained his information from members of the family now deceased. (Elliott on Evidence, secs. 360, 366, 367, 371, 378; Wharton on Evidence, sec. 201; Jewell v. Jewell, 1 How. (U. S.), 219, 11 L. ed., 108; Fulkerson v. Holmes, 117 U. S., 389, 29 L. ed., 915.)

John A. Morris, a witness for the plaintiffs, testified that he first became acquainted with the family of John S. Chiveral about 1842 or 1843; that the family consisted of Mrs. Chiveral and a son and daughter; that it was generally understood at the time in that community that John S. Chiveral was dead, and that Mrs. Chiveral was recognized as a widow. This testimony was objected to as hearsay and the objection overruled. While the testimony complained of was hearsay, it seems to come within one of the exceptions to the rule which excludes hearsay testimony, and we therefore overrule the second assignment which complains of the ruling admitting that testimony. (1 Wharton, Evidence, sec. 223; Lessee of Scott v. Ratcliff, 5 Pet., 81, 8 L. ed., 56; Primm v. Stewart, 7 Texas, 182.)

The third assignment complains because the court refused to give an instruction requested by the defendants in effect directing a verdict for them. That assignment is overruled, because if John S. Chiveral died before Frazier executed the deed under which the defendants hold, his death revoked all of Frazier's authority as agent, and the deed from Frazier was void, and did not convey any title.

Under the fourth assignment of error it is contended that the court should have submitted to the jury an instruction allowing them to determine whether or not Frazier had the power to convey the land at the time he executed the deed. That instruction was properly refused, because if given it would have required the jury to determine a question of law as well as fact. There being no proof that Frazier's authority as agent was coupled with an interest held by him in the land, if John S. Chiveral was dead when Frazier executed the deed, the law declares that his power and authority as agent had ceased, and that the deed executed by him was void and of no effect, and it was not the province of the jury to determine Frazier's power to convey the land. It was their province to determine the facts, and the province of the court to apply the law to the facts.

The fifth assignment complains because the court refused to submit to the jury the question of innocent purchaser. The jury having found that John S. Chiveral was dead when Frazier, purporting to act as his agent, attempted to convey the land, that conveyance was void, and, such being its character, and it being a link in the defendant's chain of title, the question of innocent purchaser is not in the case. One holding under

a void title can not claim protection as an innocent purchaser. (Daniel v. Mason, 90 Texas, 240; Terry v. Cutler, 39 S. W., 152.)

Under the ninth assignment it is contended that the court should have rendered judgment for the defendants, notwithstanding the finding of the jury that John S. Chiveral was dead when the deed purporting to convey the land from him was executed, the contention being that after the lapse of so long a time Frazier's power to execute the deed should be presumed. We can not sanction that contention. The death of Chiveral, ipso facto and absolutely, revoked Frazier's power to sell the land, and such revocation can not be affected by the lapse of time.

Under the eleventh and last assignment it is contended that the court should have rendered judgment for the defendants upon the finding of the jury as to adverse possession, the contention being that such finding, in connection with their chain of title, established the defendants' pleas of three and ten years limitation. One link in the defendants' chain of title being void, they had no such color of title as would support the three years statute of limitation. (Cox v. Bray, 28 Texas, 263.) In the case cited it was held that a deed by an agent after the death of the principal is void, and not such color of title as will support the defense of limitation under the three years statute. The proof also fails to meet the requirements of the ten years statute. While it was shown that the defendants and those under whom they claim had, for many years, been in actual possession of a portion of the Chiveral headright, the portion so occupied was disconnected from the land in controversy by an intervening tract, which had been sold off; and one of the muniments of title relied on by the defendants was a will, the registration of which was destroyed by fire in 1875, and the steps authorized by statute had not been taken to restore that record. Not having shown actual possession of the land in controversy, and holding under a muniment of title other than a deed, which was not kept of record as required by statute, the possession relied on did not include the land in controversy. (Rev. Stats., arts. 3344, 4597, 4600, 5352; Craig v. Cartwright, 65 Texas, 413; O'Neal v. Pettus, 79 Texas, 254; Salmon v. Huff, 80 Texas, 133; Barcus v. Brigham, 84 Texas, 540; McGee v. Merriman, 85 Texas, 108.) All other assignments have been waived.

The plaintiffs having shown by uncontroverted testimony that they were the heirs of John S. Chiveral, to whom the land was granted by the State, and having shown that John S. Chiveral was dead at the time Frazier attempted to convey the land as his agent, and defendants having failed to establish any of their defenses, the trial court properly rendered judgment for the plaintiffs; and, no error having been pointed out, that judgment is affirmed.

*Affirmed.*

Writ of error refused.